## BRANCH *v.* UNITED STATES.

The proceeds of certain cotton seized under the Confiscation Act as the property of A. were, in July, 1866, by order of the proper District Court, turned over to its clerk, who thereupon deposited them to his credit as such in a national bank which had been duly designated as a depositary of public money. The bank failed, and judgment in the confiscation proceedings having been rendered in favor of A., he brought suit against the United States to recover said proceeds. *Held,* 1. That the deposit by the clerk was not a payment into the treasury of the United States. 2. That said proceeds belonged for the time being to the court, and were, pending the proceedings, held as a trust fund. 3. That A. was not entitled to recover.

APPEAL from the Court of Claims.

The facts are stated in the opinion of the court.

*Mr. Theodore H. N. McPherson* for the appellants.
*The Attorney-General, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This case presents the following state of facts : —

In June, 1865, the marshal of the United States for the middle district of Alabama seized certain cotton belonging to the appellants, by order of the District Court of that district, upon the information of the district attorney, under the Confiscation Act. Pursuant to an order of the court made in the progress of the suit for condemnation, the property was sold, and the proceeds paid over, under the direction of the court, to the clerk. The clerk, having been notified by the Interior Department that the First National Bank of Selma, Alabama, had been designated by the Secretary of the Treasury as a depositary of public money, deposited in July, 1866, to his own credit as clerk in that bank the money received by him from the marshal. This deposit was made pending the condemnation suit and to await the further orders of the court. In January, 1871, the suit was dismissed and judgment entered in favor of the defendants for costs. In the mean time the Bank of Selma had failed, and in the proceedings for winding up its affairs under the National Banking Act a dividend amounting to $641.32 upon this deposit was paid to the court,

and then by order of the court paid over to the claimants, less a small amount allowed by the judge to an auditor appointed by him to ascertain the facts. This suit was brought against the United States to recover the balance of the original deposit, upon the ground that, as the bank was at the time when the deposit was made a designated depositary of public money, it was part of the treasury of the United States, and that consequently the deposit made by the clerk was equivalent to a payment of the money into the treasury, binding the United States to the claimants for its return in case the court should determine, in the condemnation suit, that the cotton when seized was not liable to confiscation.

The position assumed by the appellants is to our minds wholly untenable. The designated depositaries are intended as places for the deposit of the public moneys of the United States; that is to say, moneys belonging to the United States. No officer of the United States can charge the government with liability for moneys in his hands not public moneys by depositing them to his own credit in a bank designated as a depositary. In this case, the money deposited belonged for the time being to the court, and was held as a trust fund pending the litigation. The United States claimed it, but their claim was contested. So long as this contest remained undecided, the officers of the treasury could not control the fund. Although deposited with a bank that was a designated depositary, it was not paid into the treasury. No one could withdraw it except the court or the clerk, and it was held for the benefit of whomsoever in the end it should be found to belong.

The whole subject is elaborately considered in the opinion of the Court of Claims, and we deem it unnecessary to attempt to add to what has there been said.

*Judgment affirmed.*