McGOVERN et al. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. March 25, 1921.)

No. 2924.

Clerks of courts ⟳54—Clerk entitled to fee for keeping Liberty Bonds deposited as surety; "money."

Under Revenue Act 1919, § 1320 (Comp. St. Ann. Supp. 1919, § 3301a), authorizing the deposit of Liberty Bonds as security in lieu of personal sureties, and providing the acceptance of such bonds shall have the same force as the individual or corporate sureties or as certified checks, bank drafts, or post office money orders, bonds so deposited are to be deemed money within Circuit Court of Appeals Rule 23 (150 Fed. cxxxix, 79 C. C. A. cxxxix), adopted in conformity to Rev. St. § 828 (Comp. St. § 1383) and in pursuance of Act Feb. 19, 1897 (Comp. St. § 1376), which gives the clerk of the Circuit Court of Appeals a fee of 1 per cent. on money received, kept, and paid by him, since money is a broader and more generic term than cash, and may include, not only legal tender, but also any other circulating medium, or instruments or tokens in general use in the commercial world as representatives of value.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Money.]

On writ of error by John McGovern and others against the United States. On motion by the executrix of the named plaintiff in error for the return of bonds deposited with the clerk in lieu of personal sureties, free from the clerk's charge of 1 per cent. thereof. Motion denied.

Charles H. Soelke, of Chicago, Ill., for the motion.

Charles F. Clyne and Meyer Linker, both of Chicago, Ill., for the United States.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

BAKER, Circuit Judge. Plaintiff in error, McGovern, deposited Liberty Bonds with the clerk of this court in lieu of personal sureties. His executrix, showing that plaintiff in error has departed this life, moves that the bonds be returned to her free from the clerk's charge of 1 per cent. on the amount thereof.

Under rule 23 of this court (150 Fed. cxxxix, 79 C. C. A. cxxxix) the fees of the clerk for receiving, keeping, and paying money in pursuance of any statute or order of court shall be 1 per cent. on the amount so received, kept, and paid. This rule is in conformity to section 828, Rev. St. U. S. (Comp. St. § 1383), and in pursuance of the Act of February 19, 1897, c. 263 (Comp. St. § 1376).

Section 1320, Revenue Act of 1919 (40 Statutes at Large, p. 1148 [Comp. St. Ann. Supp. 1919, § 3301a]), is as follows:

"Sec. 1320. That wherever by the laws of the United States or regulations made pursuant thereto, any person is required to furnish any recognizance, stipulation, bond, guaranty, or undertaking, hereinafter called 'penal bond,' with surety or sureties, such person may, in lieu of such surety or sureties, deposit as security with the official having authority to approve such penal bond, United States Liberty Bonds or other bonds of the United States in a sum equal at their par value to the amount of such penal bond required to be furnished, together with an agreement authorizing such official to collect or sell such bonds so deposited in case of any default in the performance of any of the conditions or stipulations of such penal bond. The acceptance of such United States bonds in lieu of surety or sureties required by law shall have the same force and effect as individual or corporate sureties, or certified checks, bank drafts, post office money orders, or cash, for the penalty or amount of such penal bond."

It is to be observed that rule 23 does not limit the fee to the handling of "cash," meaning thereby the coinage of the government and the issues of notes which the government by law ranks with its coins. "Money" is a broader and more generic term and may include not only legal tender, coin or currency, but also any other circulating medium or instruments or tokens in general use in the commercial world as representatives of value. In Gillen v. Kimball, 34 Ohio St. 352, it was held that a bequest of all of the testator's money on deposit included a deposit of United States bonds.

In section 1320 of the Revenue Act of 1919, United States bonds are put in the same category as certified checks, bank drafts, post office money orders and cash. We know from common knowledge that certified checks, bank drafts and post office money orders circulate in the business world as representatives of value and in satisfaction of obligations at least as freely as do legal tender coins and notes. We also take judicial notice of the fact that United States bonds are quite frequently used in a similar way. Under the order of this court by which the plaintiff in error was left at large it was immaterial whether he deposited "cash" or any of the enumerated representatives of value which are used in the commercial world as "money," and the responsibility and labor of the clerk are quite as great in keeping and handling government bonds as they would be in the case of "cash."

The motion of the executrix is denied.