## THE LORD ORMONDE.

(District Court, S. D. New York. December 12, 1921.)

Clerks of courts ☞54—Clerk, receiving commission on transmuting money into government certificates, may not have further commission on distribution.

> Where proceeds of sale of property, being paid into court, was expended by the clerk in purchase of United States certificates of indebtedness, he was not entitled to a 1 per cent. commission as for a payment, under Rev. St. § 828 (Comp. St. § 1383), but, having taken such commission, it might be treated as an advance under section 1320, Revenue Act Feb. 24, 1919 (Comp. St. Ann. Supp. 1919, § 3301a), entitling the clerk to 1 per cent. for care of Liberty Bonds, etc., deposited; the clerk, however, being entitled to but a single commission of 1 per cent. on bonds deposited.

In the matter of the Steamship Lord Ormonde. On motion for an order directing the clerk to deliver certain certificates of indebtedness without charging any commission. Motion granted.

Murray, Prentice & Aldrich, of New York City (Mark W. Maclay, Jr., and Hugh L. M. Cole, both of New York City, of counsel), for petitioner.

William Tallman, Chief Deputy Clerk, appearing for Alexander Gilchrist, Jr., Clerk of the United States District Court for the Southern District of New York.

KNOX, District Judge. Upon May 10, 1921, in the suit of Equitable Trust Company of New York against the steamship Lord Ormonde, that vessel was sold under a writ of venditioni exponas. The proceeds of sale, amounting to $100,005, were deposited with the clerk of this court, and, from such sum, costs of the United States marshal to the extent of $2,114.45 were taxed, allowed, and paid. The balance then remaining in the registry of the court was $97,890.55.

Thereafter, the clerk of the court, being duly authorized by orders entered herein upon June 15 and June 27, 1921, and upon the stipulation of the parties in interest, expended from such balance, in the purchase of United States certificates of indebtedness due June 15, 1922, and bearing 5½ per cent. interest, the total sum of $96,103.33. This being done, the clerk withdrew from the funds remaining in his hands, and applied, as and for the commission payable under section 828 of the Revised Statutes (Comp. St. § 1383), an amount equal to 1 per centum of the purchase price of said certificates.

Thereupon, the clerk pursuant to order held any unexpended portion of the money in his hands together with the 'said certificates of indebtedness, for payment over and delivery to such persons as should be found to be entitled thereto. By order of distribution entered herein on November 4, 1921, said certificates were directed by this court to be delivered by the clerk in specie to the persons in said order respectively named.

This last order has not been complied with, and for this reason, viz.: Upon September 2, 1921, the Department of Justice, by letter, called the clerk's attention to the recent decision of the Circuit Court of Appeals for the Seventh Circuit in McGovern et al. v. United States, 272 Fed. 262, wherein it was held that under section 1320 of the Revenue Act of February 24, 1919 (Comp. St. Ann. Supp. 1919, § 3301a), United States Liberty Bonds or other bonds of the United States may be deposited in lieu of surety or sureties upon any recognizance, stipulation, bond, guaranty, or undertaking given pursuant to the laws of the United States, and, being so deposited, "shall have the same force and effect as individual or corporate sureties, or certified checks, bank drafts, post office money orders, or cash, * * *" and that for receiving, caring for, and delivering bonds deposited the clerk of the court was entitled to exact a commission of 1 per centum upon the par value thereof. The clerk of this court accordingly takes the position that he should, before delivering the certificates of indebtedness aforementioned, receive a commission of one per centum thereof. The petitioner herein, having been declared to be entitled to the said certificates, has declined to accede to the clerk's demand, and brings this motion for relief.

It is my judgment that the motion should be granted. Even assuming the certificates to be the equivalent of money, and that the clerk, had said certificates been deposited in the first instance, would be entitled to commissions thereon, these certificates represent, and stand in the place of, the same money which the clerk originally received, and upon which he has already been paid his commissions. The mat-

ters leading up to the present situation seem to me to be aptly described by what is said in the brief of counsel for the petitioner, viz.:

" * * * What has occurred in this case is a conversion of 'money' in the form of one set of denominations into 'money' in the form of another set of denominations. When the certificates were purchased * * * the sum of the transaction * * * was the clerk took one bill of $100,000 denomination and changed it for 100 bills of $1,000 denomination. Such action did not constitute a payment within the meaning of section 828, and therefore the clerk, in receiving his commission at that time, in accordance with the order of court, received the same in advance, and should not now be permitted to collect the same commission again."

Up until the certificates now in the hands of the clerk are turned over to the persons entitled thereto, there will have been no money paid out of the moneys in the registry of the court within the meaning of that term as used in section 828 of the Revised Statutes. Up until now all that the clerk has done has been to receive and keep the proceeds of sale of the Lord Ormonde. To earn his commission he must pay out such proceeds. The circumstance that the payment of the clerk's commission has been anticipated doesn't entitle him to again collect it. Petitioner's motion will be granted.

For the guidance of the clerk in cases wherein Liberty Bonds or other bonds of the United States are deposited with him under the provisions of section 1320 of the Revenue Act of 1919, it may be said that, while the facts of the instant case do not fall within the decision of McGovern et al. v. U. S. (C. C. A.) 272 Fed. 262, the principle thereof is approved, and the clerk is entitled to charge upon such deposits a single commission of 1 per cent. of the par value of bonds so deposited.