### ANDERSON v. UNITED STATES.

### SAPPER v. SAME.

(Circuit Court of Appeals, Eighth Circuit. July 3, 1922.)

Nos. 5670, 5675.

Clerks of courts ⬅54—Clerk not entitled to fee for keeping Liberty bonds deposited as security for payment by surety; "money."

Where a surety on a penal bond deposited Liberty bonds with the clerk of court as security for his payment in case of default, after performance he was entitled to receive them back free from any charge, as Liberty bonds are not money, within the fee bill of the Circuit Court of Appeals, giving the clerk a fee of 1 per cent. for money received, kept, and paid by him, in view of Revenue Act Feb. 24, 1919, § 1320 (Comp. St. Ann. Supp. 1919, § 3301a), authorizing the deposit of Liberty bonds as security, and providing that they shall have the same effect as certified checks, bank drafts, post office money orders, or cash, and providing that, as soon as security is no longer necessary, these bonds shall be returned to depositor; there being no provision for the return of the

other class of securities named, Liberty bonds are placed in a different class.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Money.]

In Error to the District Court of the United States for the District of Kansas.

Criminal prosecutions by the United States against C. W. Anderson and M. Sapper. On motion of Otto Christensen, surety on penal bond, for a return of Liberty bonds deposited as security free from the payment of the fee of 1 per cent. Motion granted.

Otto Christensen, of Chicago, Ill., for the motion.

Before SANBORN, CARLAND, and LEWIS, Circuit Judges.

SANBORN, Circuit Judge. Prior to the decision of May 12, 1921, of these cases in this court (273 Fed. 20), the plaintiffs in error, pursuant to orders of this court, gave appearance bonds, with Mr. Otto Christensen as the surety on each of these bonds, and Mr. Christensen deposited with the clerk of this court Liberty bonds to the amount of $7,500 in the case of Sapper and to the amount of $9,000 in the case of Anderson to secure Mr. Christensen's payment of the amounts of the bonds, respectively, in case of the failure of either of the plaintiffs in error to appear as directed. Each of them has appeared and is serving his sentence in the penitentiary at Leavenworth. Mr. Christensen requests the surrender of his Liberty bonds. The clerk of the court on behalf of the United States demands of him the payment of a fee of 1 per cent. of the amount of the bonds deposited, for which fee the clerk must account, and which he must pay to the United States, if it is lawfully chargeable. Mr. Christensen moves the court to order the return to him of his Liberty bonds, without the payment of the claimed fee, on the ground that the statutes and rules of court do not authorize its exaction.

This fee is claimed under that paragraph of the fee bill of the Circuit Court of Appeals which reads:

"Receiving, keeping, and paying money, in pursuance of any statute or order of court, one per cent. on the amount so received, kept, and paid." (169 U. S. 741, 150 Fed. cxxxix, 79 C. C. A. cxxxix)

—and under these provisions of section 1320 of the Act to Provide Revenue of February 24, 1919, 40 Stats. at Large, 1148 (Comp. St. Ann. Supp. 1919, § 3301a):

"That wherever by the laws of the United States or regulations made pursuant thereto, any person is required to furnish any recognizance, stipulation, bond, guaranty, or undertaking, hereinafter called 'penal bond,' with surety or sureties, such person may, in lieu of such surety or sureties, deposit as security with the official having authority to approve such penal bond, United States Liberty bonds or other bonds of the United States in a sum equal at their par value to the amount of such penal bond required to be furnished, together with an agreement authorizing such official to collect or sell such bonds so deposited in case of any default in the performance of any of the conditions or stipulations of such penal bond. The acceptance of such United States bonds in lieu of surety or sureties required by law shall have the same force and effect as individual or corporate sureties, or certified checks, bank drafts, post-

office money orders, or cash, for the penalty or amount of such penal bond. The bonds deposited hereunder, and such other United States bonds as may be substituted therefor from time to time as such security, may be deposited with the treasurer, or an assistant treasurer of the United States, a government depository, Federal Reserve bank, or member bank, which shall issue receipt therefor, describing such bonds so deposited. As soon as security for the performance of such penal bond is no longer necessary, such bonds so deposited, shall be returned to the depositor."

The opinion of the United States Circuit Court of Appeals for the Seventh Circuit in McGovern et al. v. United States, 272 Fed. 262, is also cited in support of the charge of this fee, and it has been carefully read and thoughtfully considered. But (1) the Liberty bonds involved in that case were deposited under section 1320 "in lieu of personal sureties," while in this case the bonds were not so deposited, but a personal surety was provided, who deposited the Liberty bonds as security for his payment of the amounts of the penal bonds, if default was made in any of the conditions thereof; (2) this court is unable to concur in the view that the term "Liberty bonds" means money in the true construction and interpretation of section 1320, because that is not the ordinary usual accepted meaning of the words "Liberty bonds"; if, in the conception of the members of Congress, Liberty bonds meant money, the provision in the section that their acceptance should have the same effect as "certified checks, bank drafts, post office money orders, or cash," and the further provision that "as soon as security for the performance of such penal bond is no longer necessary, such bonds so deposited shall be returned to the depositor," would have been superfluous and ineffective; and (3) section 1320 expressly requires the return of the Liberty bonds to the depositor as soon as the security for the performance of the penal bonds is no longer necessary, without requiring the exaction of any per cent. of their value, or indicating whether such percentage should be of their face value or of their market value at the time of their deposit or at some other time, while the section makes no provision whatever for the return of the certified checks, post office money orders, bank drafts, or cash, thereby clearly placing the Liberty bonds in a different class from money, certified checks, etc.

For these reasons it is believed that no power or authority has been granted to the United States, or to the clerk of the court as its representative, to exact a fee of 1 per cent. of the Liberty bonds deposited by Mr. Christensen, the surety in these cases, and his motion for the return to him of them without the payment of such fee is granted.