HAZELTINE RESEARCH CORPORATION
et al. v. FREED–EISEMANN RADIO
CORPORATION.

(Circuit Court of Appeals, Second Circuit.
December 7, 1925.)

No. 94.

1. Clerks of courts ⊜54—Clerk held not entitled to fee on redelivery of United States treasury certificates deposited with him; "money."

Prior to Act Feb. 11, 1925 (Comp. St. Supp. 1925, §§ 1383a–1383h), clerk of District Court, under Rev. St. § 828 (Comp. St. § 1383), on redelivery of United States treasury certificates deposited with him pursuant to court order, was not entitled to fee of 1 per cent.; such certificates not being "money," within that section.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Money.]

2. Clerks of courts ⊜54—Clerk held entitled to fee on redelivery of certificates of deposit payable to and deposited with him; "money."

Prior to Act Feb. 11, 1925 (Comp. St. Supp. 1925, §§ 1383a–1383h), clerk of District Court, under Rev. St. § 828 (Comp. St. § 1383), was entitled to fee of 1 per cent. on redelivery of bank certificates of deposit payable to his order and deposited with him pursuant to court order; such certificates being "money," within such section.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit by the Hazeltine Research Corporation and another against the Freed-Eisemann Radio Corporation. From a decree holding the clerk of court entitled to fee on redelivery of certain securities deposited with him, plaintiffs appeal. Reversed and remanded, with directions.

See, also, 3 F.(2d) 172; 4 F.(2d) 867.

Pennie, Davis, Marvin & Edmonds, of New York City (R. Morton Adams, of New York City, of counsel), for appellants.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (William A. De Groot, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for appellee.

Before HOUGH, HAND and MACK, Circuit Judges.

MACK, Circuit Judge. The question here involved is whether or not the clerk of the District Court, prior to the Act of February 11, 1925 (Comp. St. Supp. 1925, §§ 1383a–1383h), was entitled to a fee of 1 per cent., pursuant to R. S. § 828 (Comp. St. § 1383), on redelivery of United States Treasury certificates and of national bank certificates of deposit payable to the clerk's order, all deposited with him pursuant to court order, under which he was to deposit them in such depository as the court might direct.

Section 828 provides: "For receiving, keeping, and paying out money, in pursuance of any statute or order of court, one percentum of the amount so received, kept, and paid."

The act of 1925 (§ 8, subsec. 8) adds, after "court," "including cash bail or bonds or securities authorized by law to be deposited in lieu of other security, and, after "paid," "or of the face value of such bonds or securities." (Comp. St. Supp. 1925, § 1383h.)

[1, 2] The question, therefore, is whether or not United States Treasury certificates, payable to bearer, with interest-bearing coupons, and/or bank certificates of deposit payable to the clerk are "money," within the meaning of the original section.

As to the Treasury certificates, there is a conflict in the authorities. We agree with the views expressed in Ford Motor Co. v. Voorheis, 295 F. 582 (C. C. A. 6), and Anderson v. U. S., 282 F. 258 (C. C. A. 8), as against McGovern v. U. S., 272 F. 262 (C. C. A. 7), and hold that they are not "money." They are negotiable instruments payable to bearer; they are bought and sold in the market; they are not, and are not regarded as, a circulating medium of exchange; if accepted as payment for goods, at par or at market value, the transaction is, and is deemed to be, an exchange, not a cash sale.

In a sense this is equally true of a certificate of deposit. But when originally made payable to the clerk of the court, in substance and in fact, the deposit itself was made on his behalf. It was the money itself that was given to him, by paying it into the bank for his account. The certificates issued by the bank to his order were the promises of the bank to pay the debt owing to him by reason of the deposit of his money—his money, in the sense that it was paid in on his account as his property.

For this reason only we are of the opinion that such certificates of deposit are to be differentiated from the Treasury certificates and like securities, and are to be deemed "money" within the statute.

The decree will be reversed, and the cause remanded, with directions to enter a decree pursuant to the views herein expressed.