## PHELPS, District Court Clerk, v. CITIZENS UNION NAT. BANK.

District Court, W. D. Kentucky.

Feb. 13, 1936.

Bunk Gardner, U. S. Atty., of Louisville, Ky., for plaintiff.

Bruce & Bullitt, of Louisville, Ky., for defendant.

HAMILTON, District Judge.

This case is pending before me on general demurrer to defendant's answer and motion to strike certain parts thereof.

The plaintiff, Lilburn Phelps, clerk of the United States District Court for this District, instituted the action against the defendant, Citizens Union National Bank, seeking to recover from it $1,090 fees, together with interest from December 20, 1935.

On January 9, 1931, the defendant, by order of court, was designated as depository for money belonging to bankruptcy estates, and on said date, as provided by section 61 of an act entitled "An Act to Establish a Uniform System of Bankruptcy Throughout the United States," approved July 1, 1898, 30 Stat. 544, 562, 11 U.S.C.A. § 101, executed a bond to the United States of America conditioned on the faithful performance of its duties. In lieu of surety, the court permitted the deposit of government obligations, and the defendant deposited with the clerk $109,-000, par value, Treasury and Liberty Loan Bonds.

The defendant subsequently withdrew these securities from the custody of the clerk without the payment of any fees for his services.

Pursuant to the provisions of chapter 16, title 28, U.S.C.A. § 555 (R.S. § 828; June 28, 1902, c. 1301, § 1, 32 Stat. 476; Feb. 11, 1925, c. 204, § 8, 43 Stat. 858), which is as follows, "(8) For receiving, keeping, and paying out money in pursuance of any statute or order of court, including cash bail or bonds or securities authorized by law to be deposited in lieu

of other security, 1 per centum of the amount so received, kept and paid out, or of the face value of such bonds or securities," the plaintiff, on October 28, 1935, demanded of the defendant $1,090; 1 per cent. of the par value of bonds and securities deposited by the defendant.

On an audit and investigation of the plaintiff's office, the Federal Bureau of Investigation, United States Department of Justice, charged him $1,090 uncollected fees, and on renewed demand the defendant declined to pay, whereupon this action was instituted.

The defendant, in its answer, contends as follows:

(a) That none of the securities deposited were sold by the clerk and none used to discharge any obligation incurred under the bond.

(b) That the funds deposited were purely private funds and not public money within the meaning of Rev.St. § 5153, as amended (12 U.S.C.A. § 90).

(c) That the charter of the defendant prohibited it from pledging its assets as security for private funds, and by reason thereof the deposit of the bonds with the plaintiff was ultra vires and void.

(d) That 11 U.S.C.A. § 101, requires the court to make depository bonds payable to the United States and the fees sought in this action are charges against it.

(e) That the clerk has no authority to keep or deposit bankruptcy funds or to hold collateral security for their safekeeping, and by reason thereof no fees are chargeable.

(f) That the clerk is only authorized to collect fees out of deposited funds; none out of collateral to secure such funds; that if a fee is paid out of collateral a double charge results.

█ The statute here involved requires the payment of the cost to the clerk for receiving and keeping securities and paying out money in pursuance of any statute or order of the court. The point raised by the defendant that the securities must be sold by the clerk before any cost is due is without merit. According to the plain language of the statute, the fee is payable for receiving and keeping the securities.

█ Bankruptcy funds are not public money as defined in R.S. § 5153, as amended (12 U.S.C.A. c. 2, § 90) and this section of the statute does not empower a national bank to pledge its assets to secure such deposits. Branch v. United States, 100 U.S. 673, 674, 25 L.Ed. 759; Coudert v. United States, 175 U.S. 178, 179, 180, 20 S.Ct. 56, 44 L.Ed. 122. The defendant committed an ultra vires act when it deposited its securities with the plaintiff to guarantee the bankruptcy deposits. Texas & Pacific Railroad Company v. Pottorff, 291 U.S. 245, 262, 54 S.Ct. 416, 78 L.Ed. 777; City of Marion v. Sneeden, 291 U.S. 262, 272, 54 S.Ct. 421, 78 L.Ed. 787. The Second Circuit, in Evans v. New Haven Bank (C.C.A.) 72 F.(2d) 664, 668, ruled that the pledge of assets by a bank to secure bankruptcy deposits was not ultra vires. I believe the basis for the conclusions of the court in that case is unsound.

It does not follow that, because the transaction was ultra vires, the defendant is not indebted to the plaintiff for the services rendered by him in safely keeping the securities.

█ A corporate body, by transgressing the limits of its charter, doubtless incurs a forfeiture of its privileges and powers. Unauthorized contracts entered into may be unenforceable as between parties in pari delicto, but the corporation does not acquire immunity by reason of its ultra vires transaction to the prejudice of third persons.

█ The object of all law is to promote justice and honest dealing, when that can be done without violating statutory or well-recognized principles. The United States, by statutory law, has required the clerks of its District Courts to collect a fee of 1 per centum of the face value of bonds or securities deposited with them as required by statute or court order. The clerk was not a party to the ultra vires transaction of the defendant. The obligation to pay the cost arises, not out of the ultra vires contract, but from the statute, and the clerk is entitled to recover as for money had and received. The defendant has gotten full benefit of the contract; it received the deposits and presumably made a profit out of their use; the clerk safely kept the securities. Under such circumstances, it would seem clear that the defendant should pay for the services rendered. The charge of the clerk here in question is somewhat similar to a charge made by a custodian for services to a corporation for keeping property

which it was not authorized to own under its charter.

■ If the clerk had not accounted for the securities, the defendant would have had a cause of action against him and his bondsman for their value. An agreement collateral to a contract which is void, as distinguished from one that is illegal, is not invalidated by the voidness of the main contract. Salt Lake City v. Hollister, 118 U.S. 256, 263, 6 S.Ct. 1055, 30 L.Ed. 176.

■ The defense of ultra vires is said to be "very generally regarded by the Courts as ungracious and odious," and, where such contract has been fully completed, the courts should reluctantly deprive one party of its benefits when the other has fully enjoyed them. Central Transportation Company v. Pullman's Palace Car Company, 139 U.S. 24, 61, 11 S.Ct. 478, 35 L. Ed. 55.

"The doctrine of ultra vires, whether invoked for or against a corporation, is not favored in the law. It should never be applied where it will defeat the ends of justice, if such a result can be avoided." San Antonio v. Mehaffy, 96 U.S. 312, 315, 24 L.Ed. 816.

Compare St. Avit et al. v. Kettle River Company (C.C.A.) 216 F. 872, 878; Citizens' Central National Bank v. Appleton, 216 U.S. 196, 206, 30 S.Ct. 364, 54 L.Ed. 443; Rankin, Receiver of Berlin National Bank, v. Emigh, 218 U.S. 27, 36, 30 S.Ct. 672, 54 L.Ed. 915; McQuaig v. Gulf Naval Stores Company, 56 Fla. 505, 47 So. 2, 131 Am.St.Rep. 160.

■ The fact that the depository bond is payable to the United States (11 U.S.C.A. c. 7, § 101, 30 Stat. 562) does not make deposits thereby secured "debts due to the United States." The sum sought by the clerk herein is not for services rendered the United States, and it has no beneficial interest in the bond of the defendant. The bond was given solely for the protection of the representatives of the several bankrupt estates, and the moneys deposited, less expenses of administration, belonged to the creditors of those estates, to whom they must ultimately be distributed. The United States, not being entitled to receive any part of the deposits, would not be financially harmed if no part of them were paid. Florida Bank & Trust Company v. Union Indemnity Company (C.C.A.) 55 F.(2d) 640, 642, 83 A.L.R. 1102.

It, therefore, follows that defendant's claim that the fees sought to be recovered herein are for services rendered the United States is without merit.

■ Under the provisions of United States Code Annotated, title 6, note 4, section 15, 43 Stat. 253, 349, whenever the laws of the United States, or regulations made pursuant thereto, require any person to furnish any recognizance, stipulation, bond, guaranty undertaken with surety, or sureties, such person may, in lieu of such surety or sureties, deposit as security with the official having the authority to approve such bond, United States Liberty bonds or other bonds or notes of the United States, in a sum equal to their par value, to the amount of such bond required to be furnished. The clerk is the only officer of the court permitted to approve bonds of the character here in question, and he is made custodian with full authority to receive for safekeeping the government obligations deposited by the defendant in lieu of corporate or individual sureties. McGovern v. United States (C.C.A.) 272 F. 262, 263; The Lord Ormonde (D.C.) 276 F. 846, 848; United States v. Williams (D.C.) 282 F. 324, 326; Anderson v. United States (C.C.A.) 282 F. 258, 260; Bankers' Mortgage Company of Topeka v. McComb (C.C.A.) 60 F.(2d) 218, 222. The claim of the defendant that the clerk lacked official authority to hold collateral security for the safekeeping of bankruptcy funds is without merit.

■ Bankruptcy funds are not paid to the clerk. He has no control over them, and, of course, would receive no commission for their safekeeping. There is no question of a double charge in this case; the clerk has not received 1 per centum of the bankruptcy funds deposited with the defendant. He is the sole custodian of the depository bonds for the protection of bankruptcy deposits, and his charge of 1 per centum would be inapplicable except when government obligations were deposited with him in lieu of individual or corporate sureties. The defendant's contention that the charge here sought by the clerk would lead to a double charge, one for keeping the securities and one for the bankruptcy funds, is untenable.

The motion to strike the last paragraph of defendant's answer, and the demurrer to the remainder of the answer, are sustained.