**JOHN MORRELL & CO., Plaintiff,**

**v.**

**LOCAL UNION 304A OF the UNITED FOOD AND COMMERCIAL WORKERS, AFL–CIO AND CLC; United Food and Commercial Workers International Union, AFL–CIO and CLC, Defendants,**

**and**

**Administrative Office of the United States Courts, Intervenor–Applicant.**

**Civ. Nos. 86–4126, 86–4132.**

United States District Court, D. South Dakota, W.D.

June 28, 1990.

George A. Joseph, Kirkland & Ellis, Chicago, Ill., for plaintiff.

Donald R. Shultz, Lynn, Jackson, Shultz & Lebrun, Rapid City, S.D., for defendants.

Stuart M. Gerson, Asst. Atty. Gen., Theodore C. Hirt, Lynn D. Wardle, Attys., Dept. of Justice, Civ. Div., Washington, D.C., for intervenor-applicant.

## MEMORANDUM OPINION AND ORDER

BATTEY, District Judge.

## NATURE AND PROCEDURAL HISTORY

On January 19, 1989, an amended judgment was entered against defendants and in favor of plaintiff in the amount of $24,-600,000, plus costs. On December 2, 1988, defendants had moved the Court for an order dispensing with the supersedeas bond securing the payment of the judgment, asserting, inter alia, that the bond would cost $600,000 to $800,000 (Docket # 365). That motion was denied on January 26, 1989 (Docket # 382), and this Court ordered the defendants to file a supersedeas bond to avoid issuance of execution. To secure the judgment, defendants purchased a U.S. Treasury Bill, made out to the benefit of the Clerk of the Court, to cover the amount of the judgment, and on February 16, 1989, filed a "safekeeping receipt" as such security. The plaintiff had no objection to such an arrangement and the security was approved by this Court on February 23, 1989. As the maturity date of the bonds was nearing, this Court on January 16, 1990, ordered that the defendants continue to repurchase, in the name of the clerk, six-month Treasury Bills in the amount of the principal and interest earned, as security, and to file the safekeeping receipt with the clerk.

On February 5, 1990, after receipt of a request and proposed order from the Clerk of Courts concerning the taking of a fee from the security money pursuant to 28 U.S.C. § 1914(b) and the notice posted at 54 Fed.Reg. 20,407 (1989), this Court filed an order to show cause as to why payment of forty-five days' interest on the security should not be paid. On April 19, 1990, the Court permitted the Administrative Office of the United States Courts to intervene. Both the defendants and the Administrative Office of the United States Courts have since made extensive submissions concerning the propriety of such a fee.

## LEGISLATION CONCERNING FEES ON SECURITY PENDING APPEAL

The authority for the fee which the clerk is seeking is the notice provided by the Director of the Administrative Office of the United States Courts of the initiation of the registry fund fee of the first forty-five

days of interest earned on the registry deposit, printed at 54 Fed.Reg. 20,407, Thursday, May 11, 1989.[1] The effective date of the action was June 12, 1989.

The Director was given the authority to take such action by Congress, under the supervision and direction of the Judicial Conference of the United States. Under 28 U.S.C. § 604(a)(19), the Director shall perform duties as may be assigned to him by the Judicial Conference.[2] The Judicial Conference has been given the authority to set fees, and the clerk has been given the authority to collect them from the parties in a district court case, under 28 U.S.C. § 1914(b).[3]

According to the notice found at 54 Fed. Reg. 20,407, these fees can be withheld from funds held by the clerk pursuant to 28 U.S.C. § 2041[4] and Fed.R.Civ.P. 67.[5] These funds are also known as "registry funds."

## DISCUSSION

Defendants' responses to the Court's order to show cause included objections based on both statutory and constitutional grounds. While the Court has considered all grounds urged, it deems it not necessary to discuss each seriatim. Certain of them will be discussed.

▮▮ Defendants assert that the clerk's filing of the safekeeping receipt was not the filing of "moneys" within the meaning of 28 U.S.C. § 2041, and cannot be subject to the fee. The argument is that both section 2041 and Rule 67 tell the clerk what to do with money when it is received. Both direct the clerk to invest the money ("funds" in the case of Rule 67). When the money is already invested, the "moneys" presumably become a "thing capable of delivery" under Rule 67, something which might be called an "investment package," accepted by the Court in this case in lieu of a supersedeas bond. The question then becomes whether the clerks are entitled to withhold a fee for the deposit with the court of a "thing." Notably, the notice at 54 Fed.Reg. 20,407 states that the fee will apply to all "funds," which under Rule 67, are to be invested after deposit with the Treasurer of the United States or a desig-

1. The summary of the notice provides as follows:

    **Summary:** This notice is to inform all interested parties that each clerk of court, whose fee schedules are set by the Judicial Conference of the United States under the authority of 28 U.S.C. 1913, 1914, and 1930, will assess a fee for the handling of all funds deposited in noncriminal proceedings with the court and held in interest bearing accounts or instruments pursuant to 28 U.S.C. 2041 and Rule 67 of the Federal Rules of Civil Procedure. The fee will be equal to the first 45 days income earned on each deposit into the court's registry.

2. 28 U.S.C. § 604(a)(19) reads as follows:

    (a) The Director shall be the administrative officer of the courts, and under the supervision and direction of the Judicial Conference of the United States, shall:

    (19) Perform such other duties as may be assigned to him by the Supreme Court or the Judicial Conference of the United States.

3. 28 U.S.C. § 1914(b) reads as follows:

    (b) The clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States.

4. 28 U.S.C. § 2041 reads in full as follows:

    All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court.

    This section shall not prevent the delivery of any such money to the rightful owners upon security, according to the agreement of parties, under the direction of the court.

5. Fed.R.Civ.P. 67 provides as follows:

    In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing. The party making the deposit shall serve the order permitting deposit on the clerk of the court. Money paid into court under this rule shall be deposited and withdrawn in accordance with the provisions of Title 28, U.S.C., §§ 2041, and 2042 ... or any like statute. The fund shall be deposited in an interest-bearing account or invested in an interest-bearing instrument approved by the court.

nated depositary. The argument is, then, that the fee as noticed does not apply in this case.

This Court rejects this argument. The only difference between this case and one where the clerk invests the money, is that the defendants made the investment in a depository which was acceptable to the Court as opposed to the clerk making the deposit as designated by the Court. The end result is the same, with the funds (for a Treasury Bill can certainly be considered funds or moneys outside the definition contemplated by Rule 67) held in the name of the Clerk. This Court considers the distinction not of consequence, and will not invalidate the fee simply because the defendants bought the Treasury Bill as opposed to the clerk having purchased it.

Defendants use two cases from 1922 and 1925 to bolster their argument that the definition of moneys under 28 U.S.C. § 2041 and Rule 67 does not include a Treasury Bill. *Anderson v. United States,* 282 F. 258 (8th Cir.1922); *Hazeltine Research Corp. v. Freed–Eisemann Radio Corp.,* 10 F.2d 148 (2d Cir.1925). Neither case has dealt with the statutory language at issue in this case, although there is some similarity.

Both *Anderson* and *Hazeltine* predate the authorization permitted by 28 U.S.C. § 1914(b) and implemented by the Judicial Conference of the United States in 54 Fed. Reg. 20,407 on May 11, 1989. Therefore, the cases are not dispositive of this matter.

It is the judgment of this Court that the security, deposited on behalf of the clerk of this Court, is "moneys" within the meaning of 28 U.S.C. § 2041 and Rule 67, and therefore is subject to the fees of the clerk as noticed at 54 Fed.Reg. 20,407.

A second objection raised by the defendants is that the ministerial act of the clerk in filing the safekeeping receipt for the Treasury Bill is not the type of act the performance of which the government intended to claim a fee. Without any responsibilities or duties, say the defendants, the fee is not justified, nor was it contemplated in this instance by the Judicial Conference, the Administrative Office of the United States Courts, or this Court's previous orders. Defendants' argument is directly contradicted by the law itself, and the fact that the bill is made out in the name of the clerk (as it should have been), places the money in direct custody of the clerk.

■ Defendants urge that the benefit received is insignificant as compared to the fee claimed. They cite the fifth amendment, due process, equal protection, and taking issues. There is also a reference to the fee being arbitrary and capricious. The Court has examined such arguments and finds them unpersuasive.

This Court, at the special instance and request of the defendants, fashioned a remedy which would save them a $600,000 to $800,000 fee for the purchase of a supersedeas bond. This litigation is extensive as reflected in 17 volumes on file in the clerk's office, containing 446 docket entries, and a number of interlocutory appeals. Defendants alone spent $500,000 for one expert witness. The use by defendants of the services of the United States Courts has been at the very least extensive. The amount of the fee charged, forty-five days' interest ($281,450.25), on a $24,600,000 judgment pales in the face of the services provided. An argument that the clerk's duties were only those of completing a bookkeeping entry is disingenuous.

### ORDER

Based upon the above and foregoing memorandum opinion, it is hereby

ORDERED that pursuant to authorization of the Judicial Conference of the United States and the Director of the Administrative Office, the clerk shall deduct from the income earned on the investment, a fee equal to the first forty-five days' income earned on the investment, amounting to $281,450.25, whenever such income becomes available for deduction in the investment so held.

IT IS FURTHER ORDERED that the defendant remit by cashier's check such

amount payable to "Clerk, U.S. District Court."