Robert **CUMMINGS**, Thomas **Finney**, **Lloyd Miller, David Ratliff, James Hellenberg, Samuel Modica,** and **Robert Kromm, Plaintiffs,**

v.

**BONELLI SPORTS ART, INC.,** a Michigan corporation and **J.B. Bonelli,** an individual, **Defendants,**

v.

**ADMINISTRATIVE OFFICE OF the UNITED STATES COURTS,** Intervenor/Applicant.

Civ. A. No. 81–60108.

United States District Court,
E.D. Michigan, S.D.

Sept. 7, 1990.

Philip L. Sternberg, Couzens Lansky Fealk Ellis Roeder and Lazar, P.C., Farmington Hills, Mich., for plaintiffs.

Mark R. Bendure, Bendure & Thomas, Detroit, Mich., for defendants.

---

**33.** Currie, *Comments on Babcock v. Jackson,* 63 Columb.L.Rev. 1233, 1243 (1963).

Philip P. Reitinger, Dept. of Justice, Civ. Div., Washington, D.C., L. Michael Wicks, Asst. U.S. Atty., Detroit, Mich., for intervenor/applicant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This litigation concerns the principal sum of $390,579.48, and accrued interest thereon, deposited into the registry of the court pursuant to the court's orders. Defendant J.B. Bonelli (Bonelli) alleges that, as a condition to setting aside a default judgment against him, he was required to deposit the funds with the clerk of this court. The court's order of December 12, 1988, indicates that Bonelli offered to place the funds in an escrow account in order to convince the court to set aside the default, and that the court subsequently directed that the funds be deposited as a condition of setting aside the default. The funds were actually deposited on March 8, 1989.

Because the underlying dispute between the parties had been settled, the court thereafter, on May 31, 1990, ordered disbursement of the funds held in the registry of the court. That order provided for the various payments, with the remaining amount to be paid into a trust account with defendant's counsel. The court directed, however, that the first 45 days of interest, claimed by the court's financial office as a registry fee, be retained in the account pending Bonelli's challenge to that charge. In response to the court's order, the Administrative Office of the United States Courts (Administrative Office) and the other parties stipulated that the Administrative Office could intervene to defend the propriety of the registry fee.

This matter now comes before the court on motion of the defendant that an appropriate fee be determined or an evidentiary hearing be held on the fee for the establishment and care of the escrow account, on grounds that the present fee arrangement violates the fifth amendment prohibition on governmental taking without compensation. U.S. CONST. amend. V. The current fee amount is the first 45 days' interest on the amount escrowed (the Registry Funds). United States Courts Administrative Office Fees and Costs, 54 Fed.Reg. 20,407 (1989).

Defendant asserts that the reasoning of *Webb's Fabulous Pharmacies v. Beckwith,* 449 U.S. 155, 101 S.Ct. 446, 66 L.Ed.2d 358 (1980) controls this court's analysis. In *Beckwith,* the Court scrutinized a Florida statutory scheme under which the cost for an escrow account included a fee for services of one-half of one percent, and also all of the interest accumulated on the sum deposited. The Court found that interest on escrow accounts is private property, but noted that the enjoyment of certain privileges associated with private property may be denied if the "public action is justified as promoting the general welfare," such as where the fee merely reimburses the cost to the court of establishing the escrow account. *Id.* at 163, 101 S.Ct. at 452. The Court found no reasonable relationship between the interest retained and the costs of running the courts, particularly in view of the fact that a fee for services was also charged. The holding of the unanimous Court was that interest retention over and above a service fee, when the escrow account was required by law, violated the fourth and fifth amendments. The penultimate sentence of the opinion states, "We express no view as to the constitutionality of a statute that prescribes a county's retention of interest earned, when the interest would be the only return to the county for services it renders." *Id.* at 165, 101 S.Ct. at 453.

Defendant argues that the federal courts' escrow account fee, as applied to defendant, similarly bears no reasonable relationship to the costs incurred in setting up the escrow accounts. The present case, however, presents the issue upon which the Court expressly reserved its opinion, so *Beckwith* provides no guidance. As the intervenor, the Administrative Office, points out, the retention of the first 45 days' interest is the sole compensation exacted for the escrow accounts. There is in any event a greater relation here between the cost of the services rendered in overseeing escrow accounts, and the fee, than

was present in *Beckwith.* The brevity of the *Beckwith* opinion results in little guidance as to the parameters of the required relationship of cost and fee—naturally, since the case was decided at least in part based upon the double fee arrangement. The Administrative Office also asserts that the *Beckwith* holding is inapplicable because defendant here *volunteered* to put funds in escrow in order to lift a default judgment which had been entered, although defendant was, in addition, directed by this court to do so.

The Administrative Office proffers instead *John Morrell & Co. v. Local Union 304A,* 739 F.Supp. 499 (W.D.S.D.1990), which upheld the federal courts' escrow fee against, *inter alia,* an identical Takings Clause challenge. However, the opinion does not discuss the Takings Clause challenge, but only addresses certain statutory arguments that were made. *Morrell* therefore provides no guidance to our analysis here.

The Administrative Office also offers *United States v. Sperry Corp.,* — U.S. ——, 110 S.Ct. 387, 107 L.Ed.2d 290 (1989). In *Sperry,* a constitutional challenge was brought to a statute which required that two percent of every award of the Iran–United States Claims Tribunal be paid to the United States Treasury, to cover the costs of the tribunal. The Administrative Office emphasizes the Court's holding that a fee need not "be precisely calibrated to the use that a party makes of government services," which suggests that the escrow fee ought not to be scrutinized as applied to defendant here. *Id.,* 110 S.Ct. at 394. The Administrative Office also points to the Court's finding that the two percent fees were "not so clearly excessive as to belie their purported character as user fees," and that "a reasonable user fee is not a taking if it is imposed for the reimbursement of the cost of government services." *Id.* at 395.

The analysis of the *Sperry* Court controls the outcome here. The Court stated that the situation reserved in the penultimate sentence of *Beckwith*—the present situation—was "more analogous to the case at bar" than to the facts of *Beckwith,* which nicely prioritizes *Beckwith* and *Sperry* for us as precedent for this case. 110 S.Ct. at 395 n. 9. Here, the fee is intended to reimburse the costs of the court in establishing, and supervising the distribution of, escrow accounts. *Sperry* dictates that the fee is not a taking unless unreasonable, and that the fee should be analyzed facially rather than as applied.

The fee here is identical to the fee scrutinized in *Sperry* in that it is a fee which varies by the amount of the award. It is this aspect that troubles the defendant. However, a variable fee did not trouble the Court in *Sperry,* therefore this court cannot agree with the defendant that the fee is constitutionally deficient for this reason. Moreover, the size of the amount escrowed bears some relationship to the cost of the services of the court in that the number of claimants to which the court will have to oversee disbursements will, on average, increase in proportion to the size of the amount escrowed. This proportionality also suggests that the fee at issue is a reasonable one.

Lastly, the Administrative Office asserts that the situation here is similar to that which passed muster in *Sperry* in another respect. The escrow account fee of the federal courts was formerly a percentage fee (1.5 percent of the average daily balance). This arrangement was changed to the present one as a matter of convenience. However, the Administrative Office states that the figure of 45 days was designated as the amount of interest charged because the resulting sum, on average, is the same as would result from a 1.5 percent fee.

For the reasons stated above, the motion of defendant is DENIED.

So ordered.