FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MERRILL LYNCH, PIERCE, FENNER AND SMITH, INCORPORATED, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New York, New York,<br><br>            Plaintiff - Appellee,<br><br>  v.<br><br>ARELMA, INC., a corporation organized and existing under the laws of Panama with a permanent address at Ave. Justo Alosemena y Calle 41 Este, No. 40-59 Pte al Colegio Immeculada, Panama 1.Rep.de Panama, and a mailing address at c/o Suntrust Invenstment Co.S.A., ru deJargonnant 2, P.O. Box 76, 1211 Geneva 6, Switzerland; PHILIPPINE NATIONAL BANK,<br><br>          Defendants - Appellants,<br><br>THE ESTATE OF ROGER ROXAS, receiver, Felix Dacanay; GOLDEN BUDHA CORPORATION, a corporation organized and existing under the laws of the State of Georgia, with a registered office at 710 West | No. 09-15573<br><br>D.C. No. 1:00-cv-00595-MLR<br><br><br>**ORDER** |

**First Street, Blue Ridge, Georgia 30513, and a mailing address at 260 Carrollton St., Buchanan, GA 30113; MARIANO J. PIMENTEL, on behalf of himself and all other persons similarly situated**,

Defendants - Appellees,

and

**SUNTRUST INVESTMENT CO., S.A., a corporation organized and existing under the laws of Switzerland with an address at rue de Jargonnant 2, P.O. Box 76, 1211 Geneva 6, Switzerland; ENC CORPORATION, a corporation organized and existing under the laws of the State of Maryland, with an address at 232 Paula Lynn Drive, Silver Spring, MD**,

Defendants.

Before:     **KOZINSKI**, Chief Judge, **D.W. NELSON** and **WARDLAW**, Circuit Judges.

In 1972, Ferdinand Marcos, then the President of the Republic of the Philippines, deposited approximately $2 million with Merrill Lynch in New York City. That money sat in a Merrill Lynch account for the next thirty-odd years, growing to approximately $33.8 million worth of cash and securities. By 2000, a

number of claimants to Marcos's estate had come knocking, so Merrill Lynch filed an interpleader to determine who should get the money. That action ended up in the District of Hawaii before the same judge who had presided over a multibillion-dollar class action against Marcos for human rights abuses. As part of the interpleader, Merrill Lynch transferred the $33.8 million worth of assets into a court registry in September of 2000.

In 2004, the district judge held that the class action plaintiffs, now represented by Jerry Pimentel, were entitled to the assets. With the consent of the interpleader parties, the Merrill Lynch assets were then transferred into a settlement account that had been established for the benefit of the class; this account was also under the court's control. Eventually, the Supreme Court ordered the interpleader dismissed because the Philippine government could not be joined as a party. Republic of Phil. v. Pimentel, 128 S. Ct. 2180, 2194 (2008).

On remand from the Supreme Court, some of the parties requested an accounting "showing which funds should stay [in the class account] and which funds should be transferred" back to Merrill Lynch. On October 23, 2008, the court issued a minute order stating that the accounting was complete and that "[t]he current balance for the Merrill Lynch account . . . is $34,689,631.27." The order was accompanied by a half-page "accounting" of the assets' management

during their eight years under the court's control. The accounting is filled with cryptic notations such as "4,944,268.28" for "OTHER DISBURSEMENTS" and "118,745,095.36" for "TOTAL SALES." This curious statement plainly fails to account for all transactions involving the assets during the eight years they were held in the clerk of court's custody. It does not identify any earnings attributable to interest or dividends; it does not itemize gains or losses, or the prices of any securities bought or sold; it does not list specific transactions such as sales of securities or transfers of funds, who authorized any such transactions or the reasons therefor. It doesn't give the reader even a basic understanding of the path by which $33.8 million worth of assets deposited in September of 2000 came to be worth $34.7 million today.

Arelma/PNB requested a more detailed accounting. Pimentel opposed and also argued that the interest earned on the Merrill Lynch funds while comingled with the class funds should remain in the settlement account pursuant to a 2004 stipulation by the parties. In February 2009, the District Court refused to provide an additional accounting and ordered the Clerk of the Court "to return $34,689,631.27 in cash, without interest, to an account at Merrill Lynch." The district court entered final judgment in February 2009 and Arelma/PNB appealed.

After the district court entered its judgment, it convened a post-judgment hearing in April of 2009 to deliver a further accounting from the bench. This oral accounting, which provided barely more detail than the written accounting, contradicted the record on several points.

\*       \*       \*

**1.** When disputed assets are deposited into a court's registry, "the court holds [them] in trust . . . 'for the benefit of whomsoever in the end [they] should be found to belong.'" Baxter v. United Forest Prods. Co., 406 F.2d 1120, 1126 (8th Cir. 1969) (per curiam) (quoting Branch v. United States, 100 U.S. 673, 674 (1879)). Thus, when the court turns over the assets, it must "render an account that [shows] in detail the items expended and [that shows] when, to whom, and for what purposes the payments were made so the beneficiaries can make a reasonable test of the accuracy of the accounts." Otto v. Niles (In re Niles), 106 F.3d 1456, 1461 n.4 (9th Cir. 1997) (internal quotation marks omitted). When public entities hold private assets, they must do so transparently so that the parties and the public will not be concerned that any of the assets have been lost or mishandled.

The accounting provided by the district court plainly fails to satisfy this obligation. It lacks any of the details necessary to confirm that the Merrill Lynch

assets were properly handled during the eight years that they were under the court's control. We therefore remand to the district court with instructions to provide a full and complete accounting.

**2.** Contrary to Pimentel's assertion, the parties did not stipulate that any interest earned during the post-2004 appellate process would inure to the class regardless of the case's ultimate outcome. The stipulation says only that the "lower court may invest the interpleaded funds during the pendency of the instant appeals." We thus apply the "usual and general rule . . . that any interest on an interpleaded and deposited fund follows the principal and is to be allocated to those who are ultimately to be the owners of that principal." Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155, 162–63 (1980) (citing eight cases). On remand, the district court shall order all interest accrued on the interpleaded funds returned to Merrill Lynch.

**3.** Two Supreme Court Justices remarked on the desirability of transferring this case to a different district judge. Pimentel, 128 S. Ct. at 2196 (Stevens, J., concurring in part and dissenting in part) (explaining "that the District Judge would likely have substantial difficulty in putting out of his or her mind previously-expressed views" (internal quotation marks omitted)); id. at 2198

(Souter, J., concurring in part and dissenting in part) ("For reasons given by Justice Stevens, I would order that any further proceedings in the District Court be held before a judge fresh to the case.").  The district judge's handling of the case on remand confirms the prescience of these views.  We therefore remand this case to the Chief Judge of the District of Hawaii for reassignment to a different district judge, see United States v. Sears, Roebuck & Co., 785 F.2d 777, 780 (9th Cir. 1986) (per curiam), and expedited proceedings in conformity with our order.

**REMANDED.**

The mandate shall issue forthwith.  See Fed. R. App. P. 2; 41(b).

## Counsel

Argued by Charles A. Rothfeld, Mayer Brown LLP, Washington, DC, who was joined on the briefs by Kenneth S. Geller and David M. Gossett, Mayer Brown LLP, Washington, DC; Barry A. Smith and Jay R. Ziegler, Buchalter Nemer, Los Angeles, CA; and Bruce L. Lamon and Carol A. Eblen, Goodsill Anderson Quinn & Stifel, Honolulu, HI, for defendants-appellants, Arelma, Inc., et al.

Argued by Robert A. Swift, Kohn, Swift & Graf, P.C., Philadelphia, PA, for defendants-appellees, Pimentel, et al.