**GROUP HEALTH INCORPORATED,**
**Plaintiff,**

v.

**BLUE CROSS ASSOCIATION and Blue Cross/Blue Shield of Greater New York, Defendants.**

**No. 83 Civ. 7567 (RWS).**

United States District Court,
S.D. New York.

June 13, 1984.

---

De Forest & Duer, New York City, for plaintiff; John M. O'Connor, Mark Weldon, New York City, of counsel.

Breed, Abbott & Morgan, New York City, for defendants; Robert A. Bicks, Maralynne Flehner, New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for the Dept. of Health and Human Services; R. Nicholas Gimbel, Asst. U.S. Atty., New York City, of counsel.

## OPINION

SWEET, District Judge.

Plaintiff Group Health Inc. ("GHI") has moved to remand this action to state court. The United States Department of Health and Human Services ("HHS") has moved for an order permitting it to intervene in the action as a defendant under Rule 24(a) or 24(b), Fed.R.Civ.P. For the reasons given below, GHI's motion is denied, and HHS's is granted.

Defendant Blue Cross and Blue Shield of Greater New York ("Blue Cross") is a not-for-profit corporation organized under Article IX–C of the New York Insurance Law, N.Y.Ins.L. § 250 *et seq.* Blue Cross provides health insurance coverage to subscribers in the New York area. Defendant Blue Cross Association ("Association") is incorporated under the Illinois General Not-for-profit Corporation Act. The Association's members include defendant Blue Cross and other Blue Cross plans. GHI is a not-for-profit health service corporation organized under Article IX–C of the New York Insurance Law.

In 1974, GHI purchased Hillcrest General Hospital ("Hillcrest"), which serves individuals insured by Blue Cross or by Medicare, 42 U.S.C. § 1395 *et seq.* Under 42 U.S.C. § 1395cc(a)(1)(A), providers of inpatient services to individuals eligible for Medicare must choose to be reimbursed either by HHS or by a "fiscal intermediary", a private organization under contract with HHS to serve as a conduit for federal money. The Association serves as a fiscal intermediary under contract with HHS, and subcontracts some of its duties as fiscal intermediary to Blue Cross. Hillcrest had agreed to have Blue Cross serve as its fiscal intermediary. In this role, Blue Cross was obligated: (1) to determine payments due providers under Medicare, 42 U.S.C. § 1395h; (2) to consider all necessary and proper expenses, including interest, in calculating the amounts due, 42 C.F.R. §§ 405.402(a), 405.419; (3) upon inquiry, to assist individuals with respect to matters pertaining to the fiscal intermediary agreement; and (4) to advise providers on application of reimbursement principles:

> In the interpretation and application of the principles of reimbursement, the fiscal intermediaries will be an important source of consultative assistance to providers and will be available to deal with questions and problems on a day-to-day basis.

42 C.F.R. § 405.406(b). HHS may review the initial determinations regarding reimbursement made by fiscal intermediaries.

Before GHI purchased Hillcrest, it requested Blue Cross's advice as to whether a return on mortgage funds used to purchase Hillcrest would be included in the calculation of Hillcrest's Medicare and Blue Cross reimbursement rates. Blue Cross advised that it would be. However, in 1978, after an audit, the position was reversed and Blue Cross denied the reimbursement. On September 19, 1980, the HHS Provider Reimbursement Review Board ("PRRB") affirmed the denial. The PRRB's decision became the final decision of the Secretary of HHS on October 28, 1980. GHI sought review of the determination in this court. *GHI v. Schweiker*, 80 Civ. 6163 (S.D.N.Y.). The Honorable Robert L. Carter, by opinion dated March 22, 1982, granted summary judgment for defendants. The Court of Appeals, by an unpublished opinion, affirmed the district court's order.

GHI commenced the instant action in New York State Supreme Court on September 16, 1983. The complaint alleges that defendants were negligent in failing to consult with HHS before giving GHI advice concerning the Hillcrest reimbursement, in falsely advising GHI that the Hillcrest funds would be included in the reimbursement and in representing that they were acting as HHS's agent. The complaint also alleges that Blue Cross breached its contract with GHI and its statutory and regulatory duty as well as an implied covenant of good faith and fair dealing by denying the reimbursement. In addition, the complaint alleges that Blue Cross is estopped from changing its position regarding the reimbursement and that the Association was negligent in failing to supervise Blue Cross properly.

**Motion to Remand**

In their petition for removal, defendants cited 28 U.S.C. § 1442(a)(1), which states:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division

embracing the place wherein it is pending:

    (1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office....

In support of its motion to remand, GHI contends that defendants do not satisfy the requirements of § 1442(a)(1) because the actions complained of were not taken "under color of" federal office and because § 1442(a)(1)'s protection is available only to individuals. Defendants contend to the contrary.

█ The cases GHI has cited in support of its contention that the right to remove under § 1442(a)(1) is limited to individuals do not in fact help GHI's position. *Lowe v. Norfolk & Western Railway Co.*, 529 F.Supp. 491, 494 (S.D.Ill.1982) and the other cases cited by GHI and cited in *Lowe* hold only that § 1442(a)(1) does not grant a right of removal to federal agencies. By contrast, at least two courts have held that corporate agents of HHS administering Medicare programs may remove under § 1442(a)(1). *See Peterson v. Blue Cross/Blue Shield of Texas*, 508 F.2d 55, 58 (5th Cir.), *cert. denied*, 422 U.S. 1043, 95 S.Ct. 2657, 45 L.Ed.2d 694 (1975); *Kuenstler v. Occidental Life Insurance Co.*, 292 F.Supp. 532, 533 (C.D.Cal.1968). Other courts have held that corporations and entities other than individuals were entitled to remove under § 1442(a)(1). *See, e.g., Teague v. Grand River Dam Authority*, 279 F.Supp. 703, 705 (N.D.Okla.1968), *approved*, 425 F.2d 130, 131 n. 1 (10th Cir. 1970) (dam authority). The section is not by its terms limited to natural persons. In view of this judicial authority and the language of the statute, the court rejects GHI's contention and holds that defendants may qualify as "persons" within the meaning of § 1442(a)(1).

To qualify for § 1442(a)(1)'s right of removal, however, defendants must have been "acting under" the Secretary of HHS, and their acts must have been taken "under color of" federal office. GHI contends that because Blue Cross's initial advice regarding the Hillcrest reimbursement was later rejected by HHS, that advice was "unauthorized." GHI also contends that, in affirming HHS's denial of benefits, Judge Carter and the Court of Appeals held that Blue Cross's advice was unauthorized. In addition, GHI contends that Blue Cross was required to consult with HHS before advising GHI, but failed to do so, and thus acted outside the scope of its authority.

The Supreme Court defined the "under color of" requirement of § 1442(a)(1) in *Willingham v. Morgan*, 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969). That case involved allegations that federal prison officials had "on numerous occasions innoculated [plaintiff] with 'a deleterious foreign substance,' and had assaulted, beaten and tortured him in various ways...." *Id.* at 403, 89 S.Ct. at 1814. Despite this clearly unauthorized behavior, the Court held that the defendants had properly removed under § 1442(a)(1).

In a civil suit of this nature, [footnote omitted] we think it was sufficient for petitioners to have shown that their relationship to respondent derived solely from their official duties. Past cases have interpreted the "color of office" test to require a showing of a "causal connection" between the charged conduct and asserted official authority. *Maryland v. Soper (No. 1)*, [270 U.S. at 33, 46 S.Ct. at 190]. "It is enough that [petitioners'] acts or [their] presence at the place in performance of [their] official duty constitute the basis, though mistaken or false, of the state prosecution." *Ibid.* In this case, once petitioners had shown that their only contact with respondent occurred inside the penitentiary, while they were performing their duties, we believe that they had demonstrated the required "causal connection." The connection consists, simply enough, of the undisputed fact that petitioners were on duty, at their place of federal employment, at all the relevant times. If the question raised is whether they were engaged in some kind of "frolic of their

own" in relation to respondent, then they should have the opportunity to present their version of the facts to a federal, not a state, court. This is exactly what the removal statute was designed to accomplish. Petitioners sufficiently put in issue the questions of official justification and immunity; the validity of their defenses should be determined in the federal courts.

*Id.* at 409, 89 S.Ct. at 1817.

■ Medicare fiscal intermediaries "act as agents at the sole direction of the Secretary" of HHS. *Peterson v. Weinberger,* 508 F.2d 45, 51 (5th Cir.), *cert. denied,* 423 U.S. 830, 96 S.Ct. 50, 46 L.Ed.2d 47 (1975). The actions of Blue Cross at issue here were taken in Blue Cross's role as fiscal intermediary. Those actions thus were taken under color of the office of the Secretary of HHS, regardless of whether Blue Cross's initial determination was right or wrong, negligently or properly given, and regardless of whether Blue Cross should have consulted with, or did consult, HHS before giving the advice. Whether defendants' actions were proper or not is among the ultimate issues to be decided in this matter. Section 1442(a)(1) guarantees defendants the right to present arguments concerning this issue to a federal court.

Judge Carter's holding, apparently vindicated by the Supreme Court's recent decision in *Heckler v. Community Health Services of Crawford County, Inc.,* — U.S. ——, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984), principally concerned GHI's claim of estoppel. It is worth noting that in *Heckler,* which involved a fact situation similar to this one, the Supreme Court referred to the fiscal intermediary as a "governmental agent [ ]," *id.* at 2227, and described its role as that of "a conduit for information" from HHS to Medicare providers, *id.* at 2227 n. 22, even though the fiscal intermediary had initially given the provider incorrect advice, exactly as GHI did. Even if it be assumed, as alleged by GHI, that Blue Cross's actions were in fact unauthorized, under the *Willingham* reasoning the challenged action was taken under color of

authority and must be resolved in this court.

The motion to remand is denied.

**Motion to Intervene**

HHS has moved to intervene under Rule 24(a)(2), which governs intervention of right, contending that the disposition of this action may affect its interests and that defendants do not adequately represent those interests. GHI has opposed the motion under Rule 24(a)(2) contending that HHS's interests in this action are insufficient under Rule 24(a)(2), that the disposition of this action will not necessarily impair HHS's interests and that defendants adequately represent any interest HHS has. Alternatively, HHS has sought to intervene under Rule 24(b)(2), which governs permissive intervention, contending that its defenses raise common questions of law and fact with those of defendants and that intervention is called for because the action involves federal statutes and regulations and administrative action. GHI opposes this request on the ground that there is no claim against HHS, that intervention will prejudice and delay adjudication of GHI's rights and that regulatory action is not at issue here.

■ Under Rule 24(a)(2), an intervenor must show that:

(1) the application is timely; (2) "the applicant claims an interest relating to the property or transaction which is the subject matter of the action …"; (3) the protection of the interest may as a practical matter be impaired by the disposition of the action; and (4) the interest is not adequately protected by an existing party.

*Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.,* 725 F.2d 871, 874 (2d Cir.1984). The intervenor's interest in the action "must be direct, as opposed to remote or contingent." *Id.* at 874. In *Restor-A-Dent,* the defendant's insurer sought to intervene as a defendant in an action in which a buyer who allegedly received defective goods had sued the seller for breach of contract. The Court of

Appeals held that the insurer did not have an interest in the subject matter of the action because the transaction that was the subject of the action was the sale, which led to the buyer's claim for damages, and the insurer's interest was only in the amount it would have to reimburse the seller defendant if the buyer won. The Court also relied on the fact that the insurer's interest depended on a jury verdict for plaintiff and a finding in a separate action regarding the portion of damages for which the insurer was responsible. *Id.* at 875.

■ HHS's interest in this action is similar to that of the insurer in *Restor-A-Dent.* The indemnification agreement between HHS and defendants provides that HHS must indemnify defendants unless defendants' liability is based on conduct found to be fraudulent, grossly negligent or criminal in nature. Thus, HHS's interest in this action depends on a judgment for GHI and a finding in a separate suit regarding indemnification. HHS's interest is thus insufficient to require intervention of right under Rule 24(a)(2). *Id.* at 876.

■ A court may permit intervention under Rule 24(b)(2) when the intervenor's "claim or defense and the main action have a question of law or fact in common." In addition,

> [w]hen a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Rule 24(b)(2).

In *Restor-A-Dent*, the Court held that the same fact question was at issue in the main action and in the intervener's dispute with the defendant. The Court held that the district court had not abused its discretion in denying permissive intervention, considering the late stage of the litigation, the intervenor's relatively slight need for relief, the possibility of delay and the conflicts that might result from the fact that the intervenor had supplied the defendant's counsel. The Court also held that it would not have been an abuse of discretion to permit intervention. *Id.* at 876–77.

■ The dispute between GHI and defendants puts at issue the same facts as those that would be raised in an indemnification claim by defendants against HHS. More importantly, GHI's claims rely on Medicare statutes and regulations. The first and sixth claims assert that defendants breached a duty established by, *inter alia,* the Medicare statute and regulations and the HHS Secretary's Intermediary Manual. The second claim asserts that defendants lacked authority to make the representation concerning reimbursement to GHI and the fifth claim refers to the duties of fiscal intermediaries. An intermediary's duties and authority are defined at least in part by the Medicare statute and regulations. In addition, the disposition of this action may affect the complex administrative framework under which questions of Medicare reimbursement are determined. The purposes of the governmental intervention portion of Rule 24(b)(2) suggest that HHS's intervention is proper in these circumstances. *See Nuesse v. Camp,* 385 F.2d 694, 705–06 (D.C.Cir.1967); C. Wright & A. Miller, 7A *Federal Practice & Procedure* § 1912 at 548–549. Although the entrance of an additional party complicates and may delay an action, *see Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc.,* 51 F.Supp. 972, 973 (D.Mass. 1943) (Wyzanski, J.), this action is still in its early stages and HHS's intervention is not likely to cause significant delay.

GHI's counsel has advised the court by letter that GHI has recently filed a Federal Torts Claims Act action against the United States, in which GHI seeks to hold the United States liable for the acts and omissions of defendants. GHI has advised the

court that it intends to move to consolidate that action with the instant one, and such consolidation appears appropriate. In such a situation, HHS's participation in the defense of the instant action would seem even more appropriate, and, indeed, inevitable. For these reasons, the court will exercise its discretion to permit HHS to intervene.

The motion to remand is denied. The motion to intervene is granted.

IT IS SO ORDERED.