**METRO TRANSPORTATION CO. t/a Yellow Cab Company, Official Creditors' Committee, Pennsylvania Public Utility Commission,**

v.

**BALBOA INSURANCE COMPANY.**

**Civ. A. No. 87–7050.**

United States District Court, E.D. Pennsylvania.

Dec. 18, 1987.

Kevin Walsh, Adelman, Lavine, Krasny, Gold & Levin, Philadelphia, Pa., for Metro Transp. Co.

Mary F. Walrath, William G. Downey, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for Official Creditors' Committee.

William A. Alan Kohler, Daniel P. Delaney, Harrisburg, Pa., for Pennsylvania Public Utility Com'n.

J. Scott Victor, Lashner, Victor & Maschmeyer, Alan Wm. Margolis, Margolis, Edelstein, Scherlis, Sarowitz & Kraemer, Philadelphia, Pa., for defendant.

## MEMORANDUM/ORDER

LUDWIG, District Judge.

The Pennsylvania Public Utility Commission moves to intervene as a party-plaintiff under Fed.R.Civ.P. 24(b).

This declaratory judgment action began in the bankruptcy court as an adversary proceeding filed by debtor, Metro Transportation Co. t/a Yellow Cab Company, against defendant Balboa Insurance Company.[1] The complaint, filed on April 28, 1987, is for a declaration that Balboa is liable, under two automobile insurance policies issued to Metro, for the payment of all bodily injury and property damage claims asserted against Metro for the policy period from October 1, 1984 to October 1, 1986. Although the first policy contains a $35,000 deductible provision and the second a $50,000 deductible, Metro maintains that Balboa is liable for "dollar one" coverage without regard to the deductibles. Metro contends that policy endorsements and certifi-

---

**1.** On July 29, 1986 Metro filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 *et. seq.* It is currently operating as a debtor in possession.

cations filed by Balboa with the intervenor movant Pennsylvania Public Utility Commission have the effect of amending the policies to conform with the PUC regulation, 52 Pa.Code § 29.104, which requires dollar one, or nondeductible, coverage. Balboa's position is that it is liable for claims or judgments against Metro only in excess of the deductible limits stated in the policies of insurance.

On June 27, 1987 the PUC filed its motion to intervene in bankruptcy court. It asserted it had authorized Metro to operate over 500 taxicabs in Philadelphia in reliance on the form filings with the Commission and that those filings establish Balboa's liability on all accident claims against Metro from the first dollar to the minimum limits under state law. On July 17, 1987 Balboa filed a motion, later joined in by all the parties, for withdrawal of the reference of the adversary proceeding. On October 29, 1987 an order was entered granting the motion. 28 U.S.C. § 157(d).[2]

Permissive intervention is appropriate here. A PUC regulation, 52 Pa.Code § 29.104, forms the basis of Metro's claim against Balboa. Under Fed.R.Civ.P. 24(b), there is "specific provision for intervention by governmental agencies interested in statutes, regulations or agreements relied upon by the parties in the action." *Halderman v. Pennhurst State School & Hosp.,* 612 F.2d 84, 92 (3d Cir.1979), *rev'd on other grounds,* 451 U.S. 1, 101 S.Ct. 1531, 67 L.Ed.2d 694 (1981).[3] Rule 24(b) expands the traditional concept of claim or defense insofar as intervention by a governmental officer or agency is concerned. *Nuesse v. Camp,* 385 F.2d 694, 705 (D.C.Cir.1967).

The rule requires that intervention be granted liberally to governmental agencies because they purport to speak for the public interest. 7C Wright & Miller, *Federal Practice & Procedure* § 1913, at 373–74 (1986). *See Blowers v. Lawyers Coop. Publishing Co.,* 527 F.2d 333, 334 (2d Cir. 1975) (district courts should apply a "hospitable" approach to intervention motions by government agencies).

Intervention by the PUC is not likely to cause undue delay. On the contrary, its specialized knowledge of the regulations in question may expedite matters. *Cf. Ellender v. Schweiker,* 550 F.Supp. 1348, 1360 (S.D.N.Y.1982). Its "claim" does not introduce new issues into the case since the claim made by Metro is identical. Moreover, the action is still in its early stages. *See Group Health, Inc. v. Blue Cross Ass'n,* 587 F.Supp. 887, 892 (S.D.N.Y.1984). There is no evidence that the PUC's intervention will prejudice Metro's rights. Balboa's argument that it will be prejudiced because "a jury is likely to be swayed by the fact that a commission of the Commonwealth favors one party over another" cannot overcome the wording of Rule 24(b) that expressly invites governmental agency intervention.

---

**2.** By order dated July 22, 1987 Bankruptcy Judge Scholl granted the PUC's motion for intervention. On August 4, 1987 Balboa filed a motion with this court for leave to appeal from that interlocutory order. Because this is a non-core proceeding, *see, e.g., Matter of Baldwin–United Corp.,* 52 B.R. 541, 546–48 (Bankr.S.D.Ohio 1985); *UNR Industries, Inc. v. Continental Ins. Co.,* 623 F.Supp. 1319, 1331–32 (N.D.Ill.1985), review of the PUC's motion to intervene is *de novo* rather than on appeal from Judge Scholl's order. 28 U.S.C. § 157(c)(1). The same result is reached if the withdrawal of the reference is considered to be jurisdictional as to matters decided in the bankruptcy court.

**3.** Fed.R.Civ.P. 24(b) provides, in part:

When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.