**Ruth E. TEAGUE, Plaintiff,**

v.

**GRAND RIVER DAM AUTHORITY, a Corporation, Defendant.**

**No. 67–C–249.**

United States District Court
N. D. Oklahoma.

Feb. 6, 1968.

Jack E. Gordon, Bassmann, Gordon, Mayberry & Scarth, Claremore, Okl., for plaintiff.

B. Boydstun, James R. Tourtellotte, Vinita, Okl., John R. Wallace, Ben T. Owens, Miami, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

Upon consideration of Plaintiff's Motion to Remand, the Response of Defendant thereto, and the briefs submitted by the parties, the Court finds that said Motion to Remand should be denied.

Plaintiff's decedent drowned at Grand Lake while water skiing when he passed through an open flood gate in the dam. The Defendant operates the dam under a 50-year license from the Federal Power Commission.

In her Complaint, the Plaintiff complains of negligence on the part of the Defendant in (1) failing to warn of a dangerous condition; (2) failing to provide a barrier in front of the flood gates, (3) opening the flood gates under the circumstances then present, and (4) failing to close the flood gates on notice of the decedent's predicament.

On removal, Defendant asserts that it performed all of the above matters only upon orders from an officer of the United States acting under color of his office and therefore Defendant performs the same as an agent of and acting under such officer of the United States. The Defendant contends that in these circumstances, it was entitled to remove the case to Federal Court, and this Court should not remand the case to state court by virtue of 28 United States Code 1442 (a)(1), which reads in part as follows:

"(a) A civil action or criminal prosecution commenced in a State Court against any of the following persons may be removed by them to the District Court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue. * * *"

In support of its contention that the acts and omissions complained of herein by the Plaintiff were performed or omitted by the Defendant as a person acting under an officer or an agency of the United States, the Defendant first asserts that at the time of the death of Plaintiff's decedent, Grand Lake was being operated at flood stage or above elevation 745 (this is not disputed), and then points to Article 13 of the License and acceptance thereof between the Federal Power Commission and the Defendant which reads in part as follows:

"* * * The storage capacity between elevations 745 and 755 shall be expressly reserved for the control of floods. The License shall impound flood waters in the storage space between elevations 745 and 755, and release flood waters therefrom, when, as, and in the manner directed by the Secretary of War, or his authorized representative. * * *"

And Article 14, which reads as follows:

"Subject to the provisions of Article 13, the operation of the project by the Licensee, so far as such operation may affect the use, storage, and discharge from storage, of waters, shall at all times be subject to the control of the Secretary of War under such rules and regulations as he may prescribe in the interests of navigation and flood control, and subject to the control of the Commission (Federal Power Commission) under such rules and regulations as it may prescribe for the safety of the dam and for the protection of life, health and property."

It therefore appears that at the time of the death of Plaintiff's decedent, the opening and closing of the flood gates was ordered by an officer or agency of the United States (the United States Army Corps of Engineers as the authorized representative of the Secretary of Army, formerly War), and accomplished by the Defendant as a person acting under such officer or agency, and the providing of barriers and warnings at the dam was under the control of an agency of the United States, the Fed-

eral Power Commission, and its rules and regulations which were prescribed for the safety of the dam and for the protection of life, health and property.

The Court therefore concludes that pursuant to 28 U.S.C. 1442(a)(1), supra, the Defendant has the right and is entitled to remove this case to Federal Court as the acts complained of were done or omitted by the Defendant as a person acting under an officer or agency of the United States and under color of such office or agency. People of the State of Colorado v. Maxwell, 125 F.Supp. 18 (D.C.Colo.1954); State of Colorado v. Knous, 348 U.S. 941, 75 S.Ct. 367, 99 L.Ed. 737 (1955); State of Texas ex rel. Falkner v. National Bank of Commerce of San Antonio, 290 F.2d 229 (Fifth Cir. 1961), cert. den. 368 U.S. 832, 82 S.Ct. 55, 7 L.Ed.2d 35 (1961); Logemann v. Stock, 81 F.Supp. 337 (D.C.Neb.1949); City of Norfolk, Virginia v. McFarland, 143 F.Supp. 587 (D.C.Va.1956).

Because by statute [1] and agreement [2] the United States shall in no event be liable for damages occasioned to the property of others by the operation of Grand Lake, but the Defendant shall be liable for damage caused by the operation of Grand Lake to a person whose property has been damaged, are of no significance to the removal question and do not affect this right granted and belonging to the Defendant. Nor is this right affected by the Statutes of Oklahoma, which permit the Defendant to be sued.[3]

█ Plaintiff contends that inasmuch as grounds for removal do not appear on the face of her Complaint and cannot be supplied by the Defendant in its Petition for Removal or Answer, the Defendant is not entitled to remove the case to Federal Court. This contention would be valid as to a removal under 28 United States Code 1441, but is not valid as to a removal under 28 United States Code 1442(a), which is what we have in this case. Poss v. Lieberman, 299 F.2d 358 (First Cir. 1956), cert. den. 370 U.S. 944, 82 S.Ct. 1585, 8 L.Ed.2d 810 (1962); Blitz v. Boog, 328 F.2d 596 (Second Cir. 1964), cert. denied, 379 U.S. 855, 85 S.Ct. 106, 13 L.Ed.2d 58 (1964).

For the foregoing reasons, the Plaintiff's Motion to Remand is denied.

---

1. 16 U.S.C. 803(c) provides:

"(c) That the licensee shall maintain the project works in a condition of repair adequate for the purposes of navigation and for the efficient operation of said works in the development and transmission of power, shall make all necessary renewals and replacements, shall establish and maintain adequate depreciation reserves for such purposes, shall so maintain and operate said works as not to impair navigation, and shall conform to such rules and regulations as the Commission may from time to time prescribe for the protection of life, health, and property. Each licensee hereunder shall be liable for all damages occasioned to the property of others by the construction, maintenance, or operation of the project works or of the works appurtenant or accessory thereto, reconstructed under the license, and in no event shall the United States be liable therefor."

82 Oklahoma Statutes § 862(q) provides in part:

█

"* * * Provided said District shall be liable for damage caused by said District, its agents, servants and employees in creating, constructing, maintaining or operating said District to any corporation, partnership, person, or individual whose property, either real or personal, within or without said District, has been damaged and said damages may be determined by appropriate action as provided by law. * * *"

2. Article 17 of the said License provides:

"The Licensee shall be liable for all damages occasioned to the property of others by the construction, operation, or maintenance of the project works or of the works appurtenant or necessary thereto, and in no event shall the United States be liable therefor."

3. 82 Oklahoma Statutes § 862(j).