**FIRST NATIONAL BANK OF BELLE-VUE, a National Banking Association, Plaintiff,**

v.

**BANK OF BELLEVUE, a Nebraska Corporation, et al., Defendants.**

Civ. No. 71-0-430.

United States District Court, D. Nebraska.

April 6, 1972.

Schmid, Ford, Snow & Mooney, Omaha, Neb., for plaintiff.

Monen, Seidler, Ryan & Festersen and Edward G. Garvey, Omaha, Neb., for defendant Bank of Bellevue.

Ralph H. Gillan, Lincoln, Neb., for defendants Henry E. Ley, and Clarence A. H. Meyer.

## MEMORANDUM AND ORDER

RICHARD E. ROBINSON, Senior District Judge.

This matter comes before the Court upon plaintiff's motion to remand [Filing #6].

The parties have assisted with oral arguments and briefs with the United States participating as *amicus curiae*.

This action was originally commenced in the District Court of Sarpy County, Nebraska, and was brought as a declaratory judgment action and for temporary and permanent injunctive relief. According to plaintiff's petition in the State Court the plaintiff is a banking association organized and existing under and by the virtue of the laws of the United States, the defendant, Bank of Bellevue, is a corporation organized and existing under the laws of the State of Nebraska. The plaintiff further alleged that the Department of the Air Force and the United States Treasury Department has approved the establishment of "detached banking facilities" by the Bank of Bellevue on Offutt Air Force Base and on the Capehart Housing Community Center at Offutt Air Force Base, both located in Nebraska. The plaintiff contends that the establishment of the facilities on the base would contravene the statutes of Nebraska and seeks such an adjudication and relief.

The Bank of Bellevue invoked the jurisdiction of this Court pursuant

to 28 U.S.C. § 1442[a] [1] and 28 U.S.C. § 1441[b]. The Court will consider only the jurisdictional claim asserted under § 1442[a] [1].

In essence the defendant Bank of Bellevue, argues that the activities in question clearly establish a colorable claim that the Bank was acting under an officer of the United States and was acting under color of law as an agent of the United States, and thus this action is properly within the purview of the removal statutes.

As authority the defendant, Bank of Bellevue, cites State of Texas ex rel. Falkner v. National Bank of Commerce of San Antonio, 290 F.2d 229 [5th Cir. 1961]. That case involved a virtually identical situation and it was held that removal was proper. The plaintiff stresses that in that case the defendant derived its authority from 12 U.S.C. § 90 which dealt with National Banks and that in this case 12 U.S.C. § 265 is the basis of the Bank's authority. The Court does not regard this difference as meaningful. In substance and in purpose the two sections are nearly identical insofar as they apply to this action.[1]

Indeed the opinion of State of Texas ex rel. Falkner v. National Bank of Commerce of San Antonio, 290 F.2d 229, 233 expressly referred to § 265, and § 90 in the same manner:

"Admittedly, the power of the Secretary to act as he has done in the instant case was initially based upon his construction of Section 90. Since 1942, the Secretary has construed that statute as enabling him to designate national banks, and in the case of Section 265, banks insured by the Federal Deposit Insurance Corporation, to serve as depositories and financial agents of the government on military installations. It is clear from the government's brief in this case that Congress has long been apprised of this construction, and . . . Congress has given its tacit approval to such facilities."

Thus the fact that one bank was *organized* under federal laws and one bank under state laws is not meaningful. The controlling factor is the authority, pursuant to federal statutes, which was vested in the respective banks and acted upon by the banks as agents on a military facility.

In both cases the banks were designated as depository and financial agents of the United States on Air Force Bases.

The plaintiff argues that the rationale of the *State of Texas, supra,* should be rejected in any event because the potential cases which might be removed to federal courts would create a "horrendous result". The plaintiff's dire prediction is not well taken. The plaintiff approaches the issue as if the defendant Bank of Bellevue were a mere depository of public money. The plaintiff ignores what is set out in the pleadings and in the petition for removal: that the bank is authorized not only as a depository of public money of the United States, but also is authorized by the Secretary of the Treasury to establish banks *on military bases*. See Mouton v. Sinclair Oil and Gas Company, 410 F.2d 717 [5th Cir. 1969]; and Teague v. Grand River Dam Authority, 279 F.Supp. 703 [N.D.

---

1. [a] 12 U.S.C.A. § 265 provides in part: "All insured banks designated for that purpose by the Secretary of the Treasury shall be depositaries of public money of the United States . . . and the Secretary is authorized to deposit public money in such depositaries . . . and they may also be employed as financial agents of the Government; and they shall perform all such reasonable duties, as depositaries of public money and financial agents of the Government as may be required of them."

[b] 12 U.S.C.A. § 90 provides in part: "All national banking associations, designated for that purpose by the Secretary of the Treasury, shall be depositaries of public money, . . . and they may also be employed as financial agents of the Government; and they shall perform all such reasonable duties, as depositaries of public money and financial agents of the Government, as may be required of them."

Okl.1968]. This additional aspect of the bank's activities and authority is inextricably bound in the lawsuit as the issues are framed by the plaintiff's pleadings, and as such the bank is more than a mere depository. On this basis the present action is clearly distinguishable from Branch v. United States, 100 U.S. 673, 25 L.Ed. 759 [1879].

█ The plaintiff also urges that the action is not removable because all the defendants have not joined in the petition for removal. However, under 28 U.S.C. § 1442[a] [1] it is not necessary that all defendants join. *See* Jones v. Elliott, 94 F.Supp. 567 [E.D.Va.1950]; Bradford v. Harding, 284 F.2d 307 [2nd Cir. 1960]; Allman v. Hanley, 302 F.2d 559 [5th Cir. 1962]. The authority cited by the plaintiff, Highway Const. Co. v. McClelland, 14 F.2d 406 [8th Cir. 1926], is distinguishable because the reason for removal was diversity of citizenship. Accordingly,

It is ordered that the plaintiff's motion to remand should be and is hereby denied.