**DISTRICT OF COLUMBIA and Walter E. Washington, Plaintiffs-Respondents;**

v.

**LANDMARK SERVICES, INC., Defendant-Petitioner.**

**Civ. A. No. 75–1798.**

United States District Court, District of Columbia.

Jan. 12, 1976.

Louis P. Robbins, John C. Salyer, III, Richard G. Wise, Corp. Counsel, Washington, D. C., for plaintiffs.

Charles B. Ruttenberg, Daniel C. Kaufman, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

The District of Columbia in this case has sued Landmark Services, Inc. ("Landmark") to enjoin it from operating "interpretive transportation services" —that is, bus tours with a vocal commentary along the way—from the grounds of Robert F. Kennedy Memorial Stadium in D.C. to the Mall until it has complied with certain licensing and registration provisions in the D.C.Code. Landmark, the principal place of business of which is apparently the District of Columbia, is a concessionaire of the federal government; it provides interpretive transportation services among various federal points of interest in the District and in Arlington Cemetery. In defense to this action, Landmark claims that 40 U.S.C. § 804 (Supp.1974) relieves it of the need to fulfill the particular licensing and registration requirements.

Although this case was originally brought in D.C. Superior Court, Landmark has removed it to this Court. It is the propriety of this removal that is at issue at this time.

Because the federal question in this case comes in only by way of defense, because there is apparently no diversity of citizenship, and because there is apparently no other possible basis for original jurisdiction in a federal court, Landmark cannot rely on the general removal statute, 28 U.S.C. § 1441 (1970). Rather, it has had to invoke § 1442(a)(1), which provides in relevant part that a defendant may remove an action from a state court to a federal district court if he is a person "acting under" an officer of the United States, and if the complaint is "for any act [done] under color of such office."

Since, as the D.C. government concedes, one of the reasons for § 1442(a)(1) is to give defendants with arguable claims of federal immunity from prosecution for the conduct in question access to federal courts, it is reasonable to conclude that one of the tests for determining whether the person was "acting under" a federal officer and whether the act was "under color of that office" is whether the particular defendant has at least an arguable claim of federal immunity. Indeed, it is this Court's view that the Supreme Court indicated precisely this when it held in *Willingham v. Morgan*, 395 U.S. 402, 405, 89 S.Ct. 1813, 1815, 23 L.Ed.2d 396, 400 (1969), that "the test for removal should be broader . . . than the test for official immunity." Therefore, the question in this case at this time is whether Landmark has at least an arguable claim of immunity under 40 U.S.C. § 804 (Supp.1974). That section provides as follows:

> [the Secretary of the Interior is authorized and directed to provide for] interpretive transportation services between or in Federal areas within the District of Columbia and environs, including, but not limited to, transportation of visitors on, among, and between the Mall, the Ellipse, the National Visitor Center, John F. Kennedy Center for the Performing Arts, and East and West Potomac Park, and such other visitor facilities as may be established pursuant to this chapter . . . . The Secretary shall determine that such services are desirable to facilitate visitation and to insure proper management and protection of such areas. Such interpretive transportation services shall notwithstanding any other provision of law to the contrary, be deemed transportation by the United States and shall be under the sole and exclusive charge and control of the Secretary.

Purportedly pursuant to this authority, the Secretary of the Interior announced on January 24, 1975, that he intended to provide interpretive transportation services between RFK Stadium and the Mall. 40 Fed.Reg. 3792 (1975). Subsequently, he contracted with Landmark to provide these services. Therefore, Landmark's argument for immunity is this:

(1) the Secretary acted within his authority under § 804 in contracting with Landmark for these services;

(2) Landmark has therefore been relieved of the necessity of fulfilling the licensing and registration provision in question here by virtue of the last sentence of § 804, which makes the RFK Stadium Mall route "transportation by the United States . . . under the sole and exclusive charge and control" of the Interior Secretary.

The D.C. government appears to concede that if the Secretary had the power under § 804 to provide for this route, Landmark is immune from liability in this case. It contends only that the Secretary of the Interior at least did not have the power under § 804 to provide for these services and therefore Landmark cannot claim immunity under the provisions of that section.

Without getting into the merits, this Court thinks that Landmark has made out an arguable claim for immunity under 40 U.S.C. § 804. Therefore, this Court holds that it has removal jurisdiction of this case under 28 U.S.C. § 1442(a)(1).

Accordingly, it is this 12th day of January, 1976,

ORDERED that defendant Landmark's petition for removal under 28 U.S.C. § 1442(a)(1) be, and the same hereby is, confirmed.