Herman and Lillian **KRANGEL,**
**et al., Plaintiffs,**

v.

Lester **CROWN, et al., Defendants,**

**and**

General Dynamics Corporation,
a Delaware corporation,
**Nominal Defendant.**

Civ. No. 91–0210–R(P).

United States District Court,
S.D. California.

May 4, 1992.

William S. Lerach, Milberg, Weiss, Bershad, Specthrie & Lerach, Edward M. Gergosian, Barrack, Rodos & Bacine, San Diego, Cal., for plaintiffs.

Nicholas D. Chabraja, Jenner & Block, Chicago, Ill., Michael Tracy, Gray, Cary Ames & Frye, San Diego, Cal., for defendants.

AMENDED ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND AND GRANTING DEFENDANTS' MOTION FOR CERTIFICATION OF APPEAL

RHOADES, District Judge.

## I. *Background*

General Dynamics, a private corporation, has been named as a nominal defendant in a shareholder derivative action against its management. Plaintiffs allege, among other things, fraud by the management of General Dynamics in its weapons contract dealings with the United States government. The suit was initially filed in San Diego Superior Court. Defendants removed to federal court on February 15, 1991 under the federal question and federal officer removal provisions. Plaintiffs then moved to remand the case to state court.

In its Order of December 9, 1991, this court rejected defendants' federal question claim. I did not, however, make a final ruling on whether federal officer removal is proper. Finding that General Dynamics did "act under" a federal officer in this case, the court asked the parties to submit additional briefs on two issues: (1) whether the shareholder derivative action is "against" General Dynamics for the purpose of federal officer removal; and (2) whether General Dynamics should be considered a "person" for the purpose of federal officer removal.

## II. *Legal Standard*

■ On a motion to remand, the court must determine whether the case was properly removed to the federal court. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194–95 (9th Cir.1988). Because a court's decision to remand may not be appealed, "courts should be cautious about remand." *Roche v. American Red Cross*, 680 F.Supp. 449, 451 (D.Mass.1988). However, removal statutes are strictly construed against removal, and the burden of establishing federal jurisdiction is on the party seeking removal. *Emrich*, 846 F.2d at 1195. In its Order of December 9, 1991, this court discussed an exception to this strict construction against removal. Order at 19. Case law has established that re- moval is to be broadly construed when determining whether a federal officer is acting "under color of office" within the meaning of § 1442(a)(1). *See Willingham v. Morgan*, 395 U.S. 402, 406–07, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969). We deal here, however, with two different and unrelated issues regarding § 1442(a)(1), and thus this exception clearly does not apply. *See Gensplit Finance Corporation v. Foreign Credit Insurance Association*, 616 F.Supp. 1504, 1508 (E.D.Wis.1985) ("[t]he issue in *Willingham* ... was not whether the parties seeking removal were 'persons'"); *see also, Areskog v. United States*, 396 F.Supp. 834, 838 (D.Conn.1975). This court will thus construe the federal officer removal statute narrowly.

The opportunity for removal is further narrowed by the rule that a case "should be remanded if there is doubt as to the right of removal in the first instance." *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir.1976). There are sound reasons for this rule. "First, a plaintiff's choice of forum should not be denied lightly. Second, major inefficiencies result where a district court's decision that removal was proper is ultimately overturned on appeal after a full trial on the merits." *Roche*, 680 F.Supp. at 451.

## III. *Discussion*

28 U.S.C. § 1442(a)(1) provides that civil or criminal actions instituted in state court against "[a]ny officer of the United States or any agency thereof, or person acting under him" may be removed by the officer or person acting under him to the district court of the United States. Two issues are before this court: first, whether this shareholder derivative action is "against" General Dynamics for purposes of removal under the statute; and second, whether General Dynamics is a "person" within the meaning of the statute.

A. *The Shareholders Derivative Suit is "Against" General Dynamics Because there is Antagonism Between the Shareholders and the Management.*

■ Plaintiffs argue that General Dynamics cannot remove under the federal

officer provision because this shareholder derivative action is brought on behalf of, rather than "against," the corporation.

■ It is not questioned that in a shareholder derivative action the real party in interest is the corporation, and the plaintiff-stockholder is "at best the nominal plaintiff." *Ross v. Bernhard*, 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970); *see also, Smith v. Sperling*, 354 U.S. 91, 97, 77 S.Ct. 1112, 1115, 1 L.Ed.2d 1205 (1957) (derivative suit cause of action is the corporation's); *Koster v. Lumbermens Mut. Casualty Co.*, 330 U.S. 518, 523, 67 S.Ct. 828, 831, 91 L.Ed. 1067 (1947) (shareholder brings derivative suit "somewhat as a 'next friend' might do for an individual"). The corporation is named as a defendant, however, to assure its inclusion as an indispensable party to the action. *Liddy v. Urbanek*, 707 F.2d 1222, 1224 (11th Cir.1983). Courts have the power to realign the parties according to their true interest once they are present before the court. *Smith*, 354 U.S. at 93, 77 S.Ct. at 1113; *Liddy*, 707 F.2d at 1224. In light of this precedent, plaintiffs argue that this court should realign nominal defendant General Dynamics as a plaintiff. They point out that no claims are asserted against General Dynamics, and thus the true interest of the corporation lies with the prosecution of the claims against the management.

Plaintiffs make a sound presentation of the legal fiction of corporate defendants in shareholder derivative suits. But they fail to take the essential next step in determining whether this court can realign General Dynamics as a plaintiff. As defendants correctly emphasize, it is well established that whenever there is "antagonism" between the shareholders and the management in a derivative suit, the corporation properly remains a defendant. *See Smith*, 354 U.S. at 97–98, 77 S.Ct. at 1116 (Court reversed district court's dismissal of suit for want of diversity because corporate management was antagonistic to shareholders and thus realignment destroying diversity was improper); *Liddy*, 707 F.2d at 1224 (corporation should have been per-

manently realigned as a plaintiff where no real antagonism existed); *Van Gelder v. Taylor*, 621 F.Supp. 613 (N.D.Ill.1985) (corporation properly named a defendant because of antagonism between the shareholder and management). As the Court stated in *Doctor v. Harrington*, 196 U.S. 579, 587, 25 S.Ct. 355, 357, 49 L.Ed. 606 (1905), *overruled by Smith v. Sperling*, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957), "[t]he ultimate interest of the corporation made defendant may be the same as that of the stockholder made plaintiff, but the corporation may be under a control antagonistic to him, and made to act in a way detrimental to his rights." Furthermore, even the case that the plaintiffs rely on in their argument, *Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. at 523, 67 S.Ct. at 831, states that diversity "jurisdiction is saved in [shareholder derivative suits] by a special dispensation [when] the corporation is in antagonistic hands." Although we do not deal with diversity jurisdiction here, the rule is well settled and applicable to the case at hand.

To determine whether there is antagonism between shareholder plaintiffs and corporate management, courts look to the pleadings and the nature of the dispute. *Smith*, 354 U.S. at 97, 77 S.Ct. at 1115. "The bill and answer normally determine whether the management is antagonistic to the stockholder." *Id.* at 96, 77 S.Ct. at 1115. The Supreme Court has repeatedly found antagonism when the shareholder suit charges corporate management with fraud. *See id.* at 95, 77 S.Ct. at 1114 ("There will, of course, be antagonism between the stockholder and the management where the dominant officers and directors are guilty of fraud and misdeeds."); *Swanson v. Traer*, 354 U.S. 114, 116, 77 S.Ct. 1116, 1117, 1 L.Ed.2d 1221 (1957). *See also Van Gelder*, 621 F.Supp. at 620–21.

Clearly there is antagonism between the plaintiff shareholders and General Dynamics' management here. Plaintiffs make specific allegations of fraud by the management in their complaint. Complaint of January 17, 1991, ¶¶ 102–104. No further inquiry need be made into the question of fraud for this court to determine that

antagonism exists. Whether defendant management actually committed fraud in its dealings with the government "is an issue that goes to the merits, not to the question of jurisdiction." *Smith*, 354 U.S. at 95, 77 S.Ct. at 1114.

Moreover, the Supreme Court has stated that "[t]here is antagonism whenever the management is aligned against the stockholder and defends a course of conduct which he attacks." *Id.* There is no room to dispute that General Dynamics' management has defended the conduct alleged to constitute fraud. Indeed, plaintiff's complaint states that the "board of directors ... has refused to pursue legal action against those persons responsible [for the fraud], [and] has instead caused the Company to issue public statements denying any wrongdoing or violation of law with the allegations contained in this Complaint in other contexts...." Complaint of January 17, 1991, ¶ 34(e). This is thus clearly "an instance where the management—for good reasons or for bad—is definitely and distinctly opposed to the institution of this litigation." *Swanson v. Traer*, 354 U.S. at 116, 77 S.Ct. at 1118 (corporate management refused to bring suit for conspiracy to defraud corporation where management would be implicated as conspirators).

Because there is antagonism between the plaintiffs and the corporate management, this court finds that General Dynamics is properly aligned as a defendant. This action is therefore "against" General Dynamics for the purpose of removal under 28 U.S.C. § 1442(a)(1).

B. *General Dynamics as a "Person" Within the Meaning of 28 U.S.C. § 1442(a)(1).*

Defendants' argument that a private corporation is a "person" within the meaning of 28 U.S.C. § 1442(a)(1) is based on both statutory construction and case law.

1. Rules of Statutory Construction Urge Inclusion of Corporations as "Persons" Unless Contrary to the Purpose of the Statute.

Defendants argue that § 1442(a)(1), when read in conjunction with rules-of-construction provision 1 U.S.C. § 1, clearly identifies a corporation as a "person" for purposes of removal. They state that the federal officer provision was amended in 1948 to add the 'person acting under' clause, and that on the same day Congress defined the word "person" in a rules-of-construction statute to include corporations. 1 U.S.C. § 1 ("In determining the meaning of any Act of Congress, unless the context indicates otherwise ... the words 'person' and 'whoever' include corporations, companies, associations, ...."). Defendants argue that the context of the federal officer provision does not indicate an intent to exclude corporations as "persons," and thus corporations are "persons" who can remove under the statute.

Defendants' characterization of the statutory changes is strained at best. Following are the relevant statutory phrases, prior to and after the 1948 amendments:

1. *1 U.S.C. § 1*

   1871 to 1947—

   "the word 'person' may extend and be applied to partnerships and *corporations*...."

   1948—

   "... the words 'person' and 'whoever' include *corporations*, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals...."

2. *28 U.S.C. § 1442(a)(1)*

   1874 to 1947—

   (then called Judicial Code § 33; titled "Same; suits and prosecutions against revenue officers" [hereinafter Judicial Code § 33]):

   "When any civil suit or criminal prosecution is commenced in any court of a state against any officer appointed or acting under any *revenue* law of the United States, *or against any person acting under or by authority of any such officer* ... the said suit ... may ... be removed...."

1948—

(titled "Federal officers sued or prosecuted"):

"A civil action . . . against any of the following persons may be removed by them . . . (1) Any officer of the United States or any agency thereof, *or person acting under him. . . .*"

(emphasis added).

Contrary to defendants' statement, Congress did not define "persons" to include corporations for the first time on June 25, 1948; rather, Congress revised the entire statute and added several other entities in addition to the already present "corporations."

Defendants also err in claiming that the federal officer statute was amended to add the "person acting under" clause. On the contrary, the clause already existed in the old statute. The June 25, 1948 change broadened the scope of those eligible to remove to include all federal officers and pared down the language of the statute. Moreover, the passing of two bills on the same day does not mean that the bills were prepared, circulated or even considered by congressional members on that day. Indeed, the 1948 revision of the Judicial Code, in which § 1442(a)(1) took on its present form, was a lengthy undertaking. *See Muniz v. Hoffman,* 422 U.S. 454, 470–71 n. 10, 95 S.Ct. 2178, 2187 n. 10, 45 L.Ed.2d 319 (1975). The revisions were made by a staff of experts, and the only House hearings on the § 1442 revision were in 1947, before a subcommittee of the Judiciary Committee. *Id.* Therefore, defendants' implication that because Congress *passed* these two statutes on the same day it clearly intended corporations to be eligible to remove as a "person" under § 1442(a)(1) is not well supported.

a. *Language of 1 U.S.C. § 1 and its application to other statutes.*

This court is more inclined to give weight to the fact that the 1948 amendment of 1 U.S.C. § 1 removed the permissive phrase "may extend and be applied to" from the "person" clause. Although this phrase was not replaced with the word "shall," a clearly mandatory term, the amended phrase is certainly less permissive than before. However, this does not mean that 1 U.S.C. § 1 compels the interpretation of "person" to include corporations in every instance. Indeed, even if Congress chose to add the word "shall" in editing § 1, the presumption that it would then be imperative would still not be conclusive. *See* Norman J. Singer, Sutherland Stat. Const. § 57.03, at 7 (5th Ed.1991) ("It is only where the context indicates or where the object to be attained compels such a construction that the imperative shall be deemed the legislative intent."). As the Supreme Court wrote in *International Primate Protection League v. Administrators of Tulane Educational Fund,* —— U.S. ——, 111 S.Ct. 1700, 1705, 114 L.Ed.2d 134 (1991), " '[w]e continue to recognize that context is important in the quest for [a] word's meaning,' and that '[s]tatutory construction . . . is a holistic endeavor.' " (citations omitted). Courts construing statutes in conjunction with 1 U.S.C. § 1 have recognized this premise. *See,* 1 U.S.C. § 1 ("unless the context indicates otherwise . . . the word 'person' . . . includes corporations . . ."); *United States v. O'Connor,* 874 F.2d 483, 488 (7th Cir.1989) (court found context of interstate fraud statute contemplated inclusion of corporations as "persons" within the meaning of the statute); *Sears Roebuck & Co. v. C.W. Sears Real Estate, Inc.,* 686 F.Supp. 385, 388 (N.D.N.Y.1988) ("person" is ambiguous and undefined in *in forma pauperis* statute and must be construed in light of legislative history as well as 1 U.S.C. § 1).

The Ninth Circuit has directly addressed the question of 1 U.S.C. § 1 and its interaction with unrelated statutes in *California Men's Colony, Unit II Men's Adv. Council v. Rowland,* 939 F.2d 854, 856 (9th Cir. 1991). In *Rowland,* the plaintiff was an unincorporated association of prison inmates appealing a denial of *in forma pauperis* status. The Ninth Circuit reviewed the denial, focusing on the issue of whether the *in forma pauperis* statute benefits only individuals. *Id.* at 856. The court stated that Congress must have been aware that the definition of "person" under 1 U.S.C. § 1 included corporations and as-

sociations when it passed the *in forma pauperis* statute: "[a]fter all, that is presumably why Congress chose to codify the canons of statutory construction in 1 U.S.C. § 1—so that it would be unnecessary to repeat these common principles of interpretation each time it enacts or amends a statute." *Rowland*, 939 F.2d at 858. However, by its adoption of the "concise and compelling" reasoning of the dissent of Chief Judge Bazelon of the District of Columbia Court of Appeals in *S.O.U.P., Inc. v. F.T.C.*, 449 F.2d 1142, 1143–45 (D.C.Cir. 1971), the Ninth Circuit recognized that interpretation of the word "person" need not necessarily include corporations. *Rowland*, 939 F.2d at 857. The court quoted Judge Bazelon: "the statutory guidelines for the interpretation of Congressional acts, 1 U.S.C. § 1 (1970), make clear that the term "person" should *ordinarily* be taken to 'include corporations ... as well as individuals.'" *Id.* (quoting *S.O.U.P.*, 449 F.2d at 1143 (Bazelon, C.J., dissenting)) (emphasis added). Thus, the Ninth Circuit has not determined the person definition of 1 U.S.C. § 1 to be mandatory.

The court in *Rowland* also analyzed the effect of 1 U.S.C. § 1 on the interpretation of the *in forma pauperis* statute, stating:

[w]e may disregard the plain meaning of a statute only when there is a 'clearly expressed legislative intention' contrary to that plain meaning.... We think that the most that can be said about that history is that it indicates that Congress did not explicitly consider whether the amendment to [the *in forma pauperis* statute] would extend the statute's reach beyond citizens and aliens. Such congressional silence does not constitute the type of compelling contrary evidence we must find before abandoning a statute's plain meaning.

939 F.2d at 858 (citation omitted). Similarly, there is nothing in the legislative history of the 1948 amendment to § 1442(a)(1) clearly indicating that Congress intended only individuals to remove under the federal officer provision. Accordingly, under *Rowland*, it may seem that the federal officer statute should be interpreted as including corporations as "persons". How-

ever, as discussed below, this court must weigh another presumption against that applied in *Rowland*.

b. *Effect of 1948 Revision of § 1442(a)(1) on whether removal is limited to individuals.*

The Supreme Court has repeatedly written that when construing a statute amended during the 1948 Judicial Code revision, courts must look to its original, pre-codification purpose. Kenneth S. Rosenblatt, *Removal of Criminal Prosecutions of Federal Officials: Returning to the Original Intent of Congress*, 29 Santa Clara L.Rev. 21, 41 n. 75 (1989). As the Court stated in *Finley v. United States*, 490 U.S. 545, 554, 109 S.Ct. 2003, 2009, 104 L.Ed.2d 593 (1989), "[c]oncerning the 1948 recodification of the Judicial Code in particular, we have stated that 'no changes of law or policy are to be presumed from changes of language in the revision unless an intent to make such changes is clearly expressed.' (*quoting Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 227, 77 S.Ct. 787, 790–91, 1 L.Ed.2d 786 (1957)); *See also Muniz v. Hoffman*, 422 U.S. at 470–73, 95 S.Ct. at 2187–89 ("[A] change in the language of a statute itself was not enough to establish an intent to effect a substantive change, for 'every change made in the text is explained in detail in the Revisers' Notes.'" (citing *Fourco*, 353 U.S. at 226, 77 S.Ct. at 790)); *Walters v. National Association of Radiation Survivors*, 473 U.S. 305, 317–18, 105 S.Ct. 3180, 3187, 87 L.Ed.2d 220 (1985) (change in language of Judicial Code statute from "decisions 'against the constitutionality of any Act of Congress' [to] 'holding any Act of Congress unconstitutional'" did not change meaning, as "absent [substantive] comment it is generally held that a change during codification is not intended to alter the statute's scope."); *Tidewater Oil Co. v. United States*, 409 U.S. 151, 162, 93 S.Ct. 408, 415, 34 L.Ed.2d 375 (1972) ("[T]he function of the Revisers of the 1948 Code was generally limited to that of consolidation and codification. Consequently, ... 'no change is to be presumed unless clearly

expressed.'" (citing *Fourco*, 353 U.S. at 228, 77 S.Ct. at 791)).

In light of this competing presumption, I turn both to the legislative history of § 1442(a)(1) to find its original purpose and to the Revisers' Notes to determine the true effect of the 1948 changes.

c. *Legislative History of § 1442(a)(1) and effect of 1948 revision.*

The seminal federal officer removal provision was included as part of an 1815 customs statute, intended to protect federal customs enforcers from hostile state courts during the War of 1812 embargo on trade with England. *See Willingham*, 395 U.S. at 405, 89 S.Ct. at 1815. This provision was to expire at the end of the war, "[b]ut other periods of national stress spawned similar enactments." *Id.* During the Civil War a permanent removal statute was codified, protecting federal officers and those persons acting under them charged with enforcing the revenue laws. *Id.* at 405–06, 89 S.Ct. at 1815; *See* Judicial Code § 33. The present version was codified in the 1948 Judicial Code revision. *Id.* at 406, 89 S.Ct. at 1815. The long line of case law discussing the history and purpose of § 1442(a)(1) makes clear that Congress intended the statute to protect federal officers from local prejudice and harassment in state courts for acts done in their official capacity, particularly where there was an arguable defense of federal immunity to be heard. *See Mesa v. California*, 489 U.S. 121, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989); *Willingham*, 395 U.S. 402, 89 S.Ct. at 1813; *Tulane*, 111 S.Ct. 1700. And, as the Supreme Court itself has recognized, without exception the ancestors of § 1442(a)(1) were enacted to protect *individuals:* "for more than 100 years prior to 1948, Congress expressly limited whatever removal power it conferred upon federal defendants to individual officers." *Tulane*, 111 S.Ct. at 1708.

The Revisers' Notes to the 1948 Judicial Code revision do not reveal any congressional intent to change the purpose or effect of the federal officer provision beyond expansion to include all federal officers. As the Supreme Court noted in *Tulane:*

[i]n revising this removal provision to its present text, the House Committee Report offered only this comment to explain the change: "The revised subsection ... is extended to apply to all officers and employees of the United States or any agency thereof. [The predecessor provision] was limited to revenue officers...." H.R.Rep. No. 308, 80th Cong., 1st Sess. A134 (1947). This is the only legislative history on the 1948 revision....

111 S.Ct. at 1708.

From the legislative history of § 1442(a)(1), and the absence of express congressional intent to expand the protection of the federal officer removal provision beyond all federal officers to include non-natural entities, I find that the purpose of § 1442(a)(1) is to protect individual officers. It is dubious whether this purpose would be served by finding General Dynamics a "person" who may remove under the federal officer provision.

2. No Controlling Precedent Exists on the Issue of Whether "Person" Includes Corporations Under § 1442(a)(1).

Both defendants and plaintiffs proffer case law in support of their positions. Defendants go so far as to state that their position is "well-established." Defendants' Supplemental Memorandum at 11. However, only one of the many cases cited addresses the precise issue at hand, and then only in dicta. *See Bakalis v. Crossland Savings Bank*, 781 F.Supp. 140 (E.D.N.Y.1991). In *Bakalis*, a federally chartered savings bank was sued and petitioned to remove under the federal officer provision. The court examined the case law relating to this issue, noting that only persuasive rather than controlling authority supports removal by a corporation as a "person" under the statute. *Id.* at 143. In addition, the court discussed the Dictionary Act, 16 Stat. 431 (1871), which provided that statutory construction of the word "person" may include corporations. *Bak-*

*alis,* 781 F.Supp. at 144. The court noted that "the words of the [Dictionary Act] clearly only allow rather than require that corporations be considered persons in any particular context." *Id.* Without revealing its reasoning, the court then concluded that the defendant bank was a "person" within the meaning of section 1442(a)(1). *Id.* Defendants fail to point out, however, that the court did *not* hold that the defendant corporation could remove as a "person" under the statute. Rather the court found that "a closer nexus between government and the person seeking removal ... [is] required when removing defendant is a corporation." *Id.* at 145. The court found the defendant bank simply subject to federal regulation, unlike the defendant association in *Group Health Inc. v. Blue Cross Ass'n.,* 587 F.Supp. 887 (S.D.N.Y.1984), discussed below, which the court characterized as an employee of the government. *Bakalis,* 781 F.Supp. at 145. The court also discussed *Texas ex rel. Falkner v. National Bank of Commerce,* 290 F.2d 229 (5th Cir.1961), and *First National Bank v. Bank of Bellevue,* 341 F.Supp. 960 (D.Neb.1972), addressed below, both of which it found to be "essentially instances of removal allowed to a corporation with an exceptionally close relationship to the government." *Bakalis,* 781 F.Supp. at 146. The court held that the defendant was thus not acting under a federal officer as required under § 1442(a)(1). *Id.* It is clear that defendants are not advantaged by the real holding of *Bakalis,* which is perhaps why it is not mentioned in their brief. It would be difficult to argue that the relationship between the United States and General Dynamics is one of employer and employee. In actuality, General Dynamics is a private contractor, subject to certain contractual and regulatory requirements. Moreover, the United States is not the sole customer of General Dynamics. This argument is simply academic, however, because this court respectfully chooses not to follow the Eastern District of New York in its creation of a new standard for corporate removal as "persons" under the statute.

None of the other cases offered by either party squarely addresses the issue of whether a corporation is a "person" in the context of the federal officer provision. Defendants cite the California case *Kuenstler v. Occidental Life Ins. Co.,* 292 F.Supp. 532 (C.D.Cal.1968), as holding that a private corporation can remove as a "person." *Kuenstler* is distinguishable from the case at hand. First, the court found that the defendant insurance company in *Kuenstler* was a "duly authorized agent of the United States" who administered medicare benefits on behalf of the Secretary of Health, Education, and Welfare, and that the Secretary was the real party in interest in the action. *Id.* at 534–35. Thus the defendant was characterized differently than a private corporation. Moreover, the *Kuenstler* court did not mention the issue of whether a corporation qualifies as a "person" under the provision.

Defendants also cite *Camacho v. Autoridad de Telefonos de Puerto Rico,* 868 F.2d 482 (1st Cir.1989), and *Gulati v. Zuckerman,* 723 F.Supp. 353 (E.D.Pa.1989). Both cases permitted removal by private corporations. As the *Bakalis* court noted, however:

> [B]esides being merely persuasive authority, both [*Camacho* and *Gulati*] are weak support [for the argument that a corporation is a "person" under the statute] because the removing defendants included natural persons. Furthermore, *Gulati* does not discuss the correctness of the removal; the issue may never have been raised or considered.

*Bakalis,* 781 F.Supp. at 143. The *Camacho* decision also does not specifically discuss the issue.

*Group Health Inc. v. Blue Cross Ass'n.,* 587 F.Supp. 887 (S.D.N.Y.1984), is also cited by defendants in support of their argument. In *Group Health,* a not-for-profit corporation removed an action against it to federal court under the federal officers provision. The plaintiff moved to remand, claiming that § 1442(a)(1) removal is limited to natural persons. *Id.* at 890. The court discussed several cases, and noted that though agencies have not been allowed to remove under the statute, corporate agents of Health and Human Services,

and "entities other than individuals" have been entitled to remove under the provision. *Id.* The court characterized the defendant as a "fiscal intermediary under contract with [Health and Human Services]," to administer federal medicare funds, and, finding that the section is not by its terms limited to natural persons, held that the defendant qualified as a "person" under the statute. *Id.* at 889–90. It is important to note that the court in *Group Health* discussed the Supreme Court's reference in *Heckler v. Community Health Services, Inc.,* 467 U.S. 51, 67, 104 S.Ct. 2218, 2227, 81 L.Ed.2d 42 (1984) to fiscal intermediaries as "government agent(s)". *Group Health,* 587 F.Supp. at 891. General Dynamics clearly does not function as a government agent. The case is thus readily distinguished.

Defendants also cite two cases in which banks operating on military bases have been allowed to remove as "persons" under the federal officer provision. *First National Bank v. Bank of Bellevue,* 341 F.Supp. 960; *Texas ex rel. Falkner v. National Bank of Commerce,* 290 F.2d 229. In both cases, the banks were found to be depositories and financial agents of the United States, operating under the Secretary of the Treasury, and located on federal property. *Bellevue,* 341 F.Supp. at 961; *Texas,* 290 F.2d at 231. Neither case makes any mention whatsoever as to whether a corporation can be a "person" for the purpose of removal under the statute. Rather, both cases focus on whether the defendants were "acting under" a federal officer. *Bellevue,* 341 F.Supp. at 961; *Texas,* 290 F.2d at 231.

Defendants also cite *District of Columbia v. Landmark Services, Inc.,* 411 F.Supp. 1002 (D.D.C.1976). In *Landmark,* a tour operator under contract with the federal government was sued for failing to comply with certain licensing and registration requirements. The defendant removed to federal court under the federal officer provision. In that case as well, the court made no mention of whether a corporation qualified as a "person" under the statute; rather it examined whether the defendant

was "acting under" a federal officer for purposes of removal. *Id.* at 1003.

*Teague v. Grand River Dam Authority,* 279 F.Supp. 703 (N.D.Okla.1968) is also presented by defendants in support of their position. As in several of the cases discussed above, however, *Teague* did not involve a private corporation. The removing defendant in *Teague* was a local government entity, operating a dam under the Federal Power Commission and the Army Corps of Engineers, both federal agencies. *Id.* at 704. The court found that persons acting under federal agencies could remove under the statute, and that the opening and closing of the dam's floodgates was ordered by the federal officer or agency, "and accomplished by defendant as a person acting under such officer or agency." *Id.*

Finally, defendants cite the Supreme Court decision in *Tulane,* as implying that a private corporation can remove under § 1442(a)(1) as a "person acting under" because the Court "did not reject the NIH's argument that remand would be futile because Tulane [a private corporation] could remove as a 'person acting under.'" Defendants' Supplemental Memorandum of Law on Removal Under 28 U.S.C. § 1442(a)(1) at 12, n. 6. This argument is hardly persuasive. The Supreme Court was silent as to whether a corporation could remove under the statute, stating only that:

> whether Tulane will be able to remove the remanded case requires a determination whether it is a "person acting under" the Director of NIH within the meaning of § 1442(a)(1). This mixed question of law and fact should not be resolved in the first instance by this Court, least of all without the appropriate record.

111 S.Ct. at 1710. Defendants would have this court believe the Supreme Court thus implies that a corporation is a 'person' under the statute. However, this court finds just as compelling the fact that the Court could easily have said so, but did not.

Thus, only one of the many cases claimed by defendants as establishing that a pri-

vate corporation qualifies as a "person" under § 1442(a)(1) contains discussion of the exact issue at hand. *Bakalis,* 781 F.Supp. 140. This authority is doubly weak, however, as it is mere dicta, and the court in *Bakalis* notes that its conclusion is supported by only persuasive authority. *Id.* at 143.

Plaintiffs offer three cases on their own behalf which defendants effectively distinguish: *Roche v. American Red Cross,* 680 F.Supp. 449 (D.Mass.1988); *C.H. v. American Red Cross,* 684 F.Supp. 1018 (E.D.Mo. 1987); and *Gensplit Finance Corp. v. Foreign Credit Ins. Ass'n.,* 616 F.Supp. 1504 (E.D.Wis.1985). Both *Red Cross* decisions held that the Red Cross, as a federal agency, could not remove under the federal officer provision. *Roche,* 680 F.Supp. at 454–55; *C.H.,* 684 F.Supp. at 1023. Both cases addressed the issue of whether "person" includes nonnatural entities. Both courts decided that "person" includes only natural persons. *Roche,* 680 F.Supp. at 455; *C.H.,* 684 F.Supp. at 1023. The *Roche* court found that the text of the federal officer provision suggested removal "protection for persons, not agencies." 680 F.Supp. at 454. As plaintiffs point out, the court stated that "the majority of those courts that addressed the issue explicitly and rendered a reasoned decision of law decided that section 1442 authorizes only natural persons to remove." *Id.* (emphasis omitted). The precedent cited by the court in *Roche,* however, deals with removal by *agencies,* either under the first clause of the provision ("federal officer or agency"), or under the clause at issue in the case at hand ("person acting under him"). *See id.*

Further, the *C.H.* court expressly adopted the reasoning of *Gensplit* for its determination that the Red Cross could not remove as a "person." *C.H.,* 684 F.Supp. at 1024. In *Gensplit,* the issue was whether an unincorporated association could remove as a "person acting under" a federal agency. The court noted that "cases in which § 1442(a)(1) was interpreted provide no clear-cut answer as to whether the term 'person' as used in that section applies to non-individuals," but recognized that agencies have generally not been allowed to

remove under the statute. *Gensplit,* 616 F.Supp. at 1508. The court rejected the argument that non-natural entities could remove under the statute as illogical, stating that "if Congress did not intend to provide a right to remove under § 1442(a)(1) to federal agencies, it would have no cause to do so for private, non-individual agents of federal agencies." *Id.* at 1510. The court further reasoned that Congress could have stated that non-natural persons were covered by the statute, and that there was no "overriding federal interest" that justified a broad interpretation of the provision. *Id.*

Although *Roche, C.H.,* and *Gensplit* all state that § 1442(a) does not extend to non-natural persons, all involve agencies; either a federal agency itself attempting to remove, or an attempt by an association to remove as a "person acting under" an agency. None of these decisions precisely addresses whether a private corporation is a "person" under the provision.

The other cases cited by plaintiffs also concern whether an *agency* can remove under the federal officer provision, and deal entirely with the interpretation of a different phrase of the federal officer removal statute. *Lovell Mfg., Div. of Patterson–Erie Corp., v. Export–Import Bank of United States,* 843 F.2d 725 (3rd Cir. 1988) (the word "him" in the phrase "person acting under him" refers only to federal officers, not agencies); *Eichenholz v. United States Department of Veterans Affairs,* 765 F.Supp. 630 (C.D.Cal.1991) (the words "or any agency thereof" in the phrase "any officer of the United States or any agency thereof" does not grant agencies themselves the right to remove); *Lance International, Inc., v. Aetna Casualty & Surety Co.,* 264 F.Supp. 349 (S.D.N.Y.1967) (the word "officer" refers only to individuals, not corporations or agencies). This issue has been conclusively settled by the Supreme Court in *Tulane,* where agencies were found to be precluded from removal under § 1442(a)(1). *See Tulane,* 111 S.Ct. at 1709.

After this Order was first issued, the parties brought to the court's attention the

opinion of Judge Weinstein in *Ryan v. Dow Chemical Co.*, 781 F.Supp. 934 (E.D.N.Y. 1992). Judge Weinstein addressed the issue of whether a corporation is a "person" under the federal officer removal statute, and concluded that corporations are "persons" under the statute. *Id.* at 946–47. His decision cites many of the cases discussed in this opinion, but relies heavily on *Camacho v. Autoridad de Telefonos de Puerto Rico*, 868 F.2d 482, in which telephone companies were allowed to remove an action brought against them to federal court. The *Camacho* court, however, never discussed the aspect of federal officer removal for which Judge Weinstein cites it. I have reviewed the *Ryan* opinion carefully, including all of the cases cited in it, and I respectfully disagree with its conclusion.

In sum, none of the cases presented by the parties are controlling or even persuasive, and only one, *Bakalis*, contains dicta regarding the exact issue at hand. The rest of the cases cited are more instructive than analogous. The weight of authority thus rests in the language and purpose of § 1442(a)(1). Here, however, the purpose of the statute suggests a different result than its language.

Learned Hand advised us to look first to the words of the statute, but "not to make a fortress out of the dictionary; but to remember that statutes always have some purpose or object to accomplish, whose sympathetic and imaginative discovery is the surest guide to their meaning." *Cabell v. Markham*, 148 F.2d 737, 739 (2nd Cir.), *aff'd*, 326 U.S. 404, 66 S.Ct. 193, 90 L.Ed. 165 (1945). I find that the presumption that Congress' definition of the word "person" includes corporations is outweighed in light of the purpose of the statute, the fact that ambiguities should be resolved against federal jurisdiction, and the strong interest of the states in adjudicating the rights and obligations of their citizens. *See California v. Mesa*, 813 F.2d 960, 962–63 (9th

Cir.1987) (the wresting by an inferior federal court of "the jurisdiction of the courts of a State to try offenses against its own laws and in violation of its own peace and dignity" is a delicate issue (citing *Maryland v. Soper* (No. 1), 270 U.S. 9, 29, 46 S.Ct. 185, 189, 70 L.Ed. 449 (1926))). Further, as the court in *Bakalis* stated, "allowing removal in the circumstances of this case would clearly greatly expand the caseload of the federal courts and their intrusion on the prerogatives of the state courts." 781 F.Supp. at 146. This court agrees that "[b]oth are unwelcome outcomes." *Id.*

## IV. Certification for Appeal under 28 U.S.C. § 1292

■ 28 U.S.C. § 1447(c) provides that: "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case...." It is settled law that remand orders issued pursuant to 1447(c) based on lack of subject-matter jurisdiction are immune from review, even if erroneous. 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...."); *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 343, 96 S.Ct. 584, 589, 46 L.Ed.2d 542 (1976) ("This has been the established rule under 1447(d) stretching back to 1887."). The Supreme Court has recognized that this strict rule does not apply where remand is based on non-jurisdictional matters. *Thermtron*, 423 U.S. at 346, 96 S.Ct. at 590.

After careful consideration, I have determined that the district court lacks subject-matter jurisdiction over the present case because the defendant corporation is not a "person" under the statute that would otherwise provide for removal. Therefore, the decision to remand may appear to be insulated from review under § 1447(d) [1]. Such

---

1. I note that my decision is expressly based on lack of jurisdiction, and the *Clorox/Pelleport* exception to non-reviewability of remand orders does not apply. *See Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273 (9th Cir.1984) (decision that forum selection clause

was valid and enforceable was "a substantive decision on the merits apart from any jurisdictional decision" and thus not immune from review under § 1447(d)); *Clorox Co. v. U.S. Dist. Court for Northern Dist. of California*, 779 F.2d 517 (9th Cir.1985) (determination that Clorox

a conclusion, however, is neither desirable nor inescapable in this case. As Judge Weinstein stated in *Ryan v. Dow Chemical Co.*, a case involving the "acting under" phrase of § 1442(a)(1):

[Non-reviewability of the court's remand order] is an unfortunate result given the closeness of the case and the particular provision under which removal is sought. 28 U.S.C. § 1442, after all, is premised on the need for the federal courts to protect federal interests from possible state interference. In light of this concern, it would be useful for the parties and the district courts in this circuit to have an authoritative pronouncement from the Court of Appeals, which has not yet had occasion to consider the "person acting under" provisions of section 1442(a)(1).

781 F.Supp. 934, 952 (E.D.N.Y.1992). Several decisions, however, suggest that there may be an avenue by which this important question can reach the higher court.

This court has been requested to certify its decision under 28 U.S.C. § 1292(b), which provides that:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action, may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order....

This court has examined several cases in which a remanding federal court certified its decision for review under § 1292(b). *In re TMI Litigation Cases Consolidated II*, 940 F.2d 832 (3rd Cir.), *cert. denied, Gumby v. General Public Utilities*, — U.S. —, 112 S.Ct. 1262, 117 L.Ed.2d 491 (1992), involved a remand order issued pursuant to the trial judge's determination that the federal statute relied on for removal was unconstitutional. Here, as in *TMI*, the court's ruling "is not the type of determination routinely and regularly made pursuant to section 1447(c)." *TMI*, 940 F.2d at 844. Unlike in *TMI*, however, this court has not determined a question of constitutionality in its decision to remand. *Id.* at 843–48. Moreover, though the Third Circuit recognized that the district court decision "may be said to have a truly jurisdictional component," the Third Circuit concluded that the district court decision, based as it was on the lower court's decision that the entire removal scheme was unconstitutional, was not the type of jurisdictional decision that was intended to be remanded without any review under 28 U.S.C. § 1447(c). While the present case does not involve a finding of unconstitutionality that could warrant appellate review, it also does not involve the usual jurisdictional issues that "can generally be readily resolved by reference to a well-established body of law." Mark Hermann, *Thermtron Revisited: When and How Federal Trial Court Remand Orders are Reviewable*, 19 Ariz.St.L.J. 395, 414 (1987–88).

The *TMI* exception for unconstitutionality is not the only one recognized by federal courts. This court has reviewed two cases that clearly support a decision to certify the remand order for review, one of which was decided by the Ninth Circuit. *See National Audubon Society v. Dept. of Water*, 858 F.2d 1409 (9th Cir.1988); *Ryan v. Dow Chemical Co.*, 781 F.Supp. 934 (E.D.N.Y.1992). In *National Audubon*, the District Court for the Eastern District of California entered a remand order, but certified the question of whether the court, "having obtained jurisdiction of [the] matter pursuant to the removal statute of 28 U.S.C. § 1442(a)(1), has discretion to remand this action to the state court after

---

waived its right to remove by virtue of statement in employee handbook was substantive, not jurisdictional, and thus reviewable); *see also Ferrari, Alvarez, Olsen & Ottoboni v. Home Ins.*

*Co.*, 940 F.2d 550 (9th Cir.1991) (trial court's interpretation of venue selection agreement resulting in remand was not jurisdictional and thus reviewable).

the original basis for removal was deleted in an amendment intended to defeat federal court jurisdiction." *Id.* at 1412. The Ninth Circuit granted review of the question, stating simply that although remand orders are generally not reviewable, "in this case the district judge certified his decision and, therefore, 28 U.S.C. § 1292 (1987) permits this court to review the remand order." *Id.* at 1417.

While it is not known at this date whether the Second Circuit will accept Judge Weinstein's certification, the *Ryan* decision strengthens this court's opinion that the present remand order should be certified. *Ryan* dealt with the same statute as the instant case, the federal officers removal provision of 28 U.S.C. § 1442(a)(1). The issue certified in *Ryan*, however, is whether § 1442(a)(1) applies to persons "providing goods and services to the government under conditions of the sort described in this case." *Ryan*, 781 F.Supp. at 953. The court reviewed case law discussing the issue of certification, including the Ninth Circuit decision in *National Audubon*, and determined that certification was appropriate. *Id.*

This court is persuaded by *National Audubon* and *Ryan* that the issue in this case is appropriate for certification to the Ninth Circuit. Indeed, it appears that the issue of whether a corporation is a "person" within the meaning of § 1442(a)(1) is even more suitable for review than the issue in *Ryan*. The question in *Ryan*, while undeniably important, is fact-bound. The Second Circuit would have to consider the discrete circumstances in *Ryan* to review the issue. In contrast, the question here is purely legal, and the result may be applicable to a range of diverse fact patterns. The Ninth Circuit need not consider the facts of this or any other case to determine whether a corporation is a "person" under the statute.

I have considered the cases offered by the plaintiff in opposition to certification, and I am not persuaded that they are apposite. Plaintiffs claim that the Ninth Circuit opposes review of remand orders in all circumstances where the decision to re-

mand is jurisdictional. Of the cases plaintiffs present in this regard, however, only one involves certification by the court, and in that case the court ended its analysis after concluding that the case did not fall within the *Clorox/Pelleport* doctrine. *See Federal Savings and Loan Ins. Corp. v. Frumenti Development Corp.*, 857 F.2d 665 (9th Cir.1988) (Ninth Circuit refused to review remand where district court concluded that federal statute defeated jurisdiction). *Frumenti* was followed by *National Audubon*, which sets out a somewhat more permissive standard for certification that this present case clearly satisfies. In addition, in each case cited by the plaintiffs, the question for review was fact-specific. *See Hansen v. Blue Cross of California*, 891 F.2d 1384 (9th Cir.1989) (whether particular group insurance policy was employer supported and thus subject to federal question jurisdiction by virtue of the Employee Retirement Income Security Act [ERISA]); *Kunzi v. Pan American World Airways, Inc.*, 833 F.2d 1291 (9th Cir.1987) (whether trial court's determination that it lacked jurisdiction over certain parties—and thus the entire case—was erroneous). None of the cases presented by the plaintiffs in opposition to certification persuasively refute certification.

### A. 28 U.S.C. § 1292(b)

As required by § 1292(b), this court must determine whether the issue at hand "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

The first issue is whether the decision to remand is based upon a "controlling question of law." As the Ninth Circuit explained in *In Re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir.1982), "all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." As an appellate determination of the question at bar would only affect where the case is heard, rather than the

outcome, it may appear that this issue is not "controlling" within the law of the Ninth Circuit. However, the court in *Cement* also stated:

> we do not imply that issues collateral to the merits may never properly be the subject of a section 1292(b) appeal. This is only one factor that should be considered in determining whether permitting an appeal would materially advance the outcome of the litigation. We have clearly allowed section 1292(b) appeals on issues that are clearly collateral to the merits.... In each instance, however, "exceptional circumstances" justified the departure from the basic policy of postponing appellate review until after the entry of a final judgment.

*Id.* at 1027 n. 6. The court cited two earlier cases. In the first, the court found that whether the liability issues and damages issues should be tried by the same or different juries constituted an extraordinary circumstance justifying review on appeal. *United Air Lines, Inc. v. Wiener,* 286 F.2d 302 (9th Cir.1961). In the other, the court reviewed whether the district court abused its discretion in issuing an order granting a stay; this constituted an extraordinary circumstance under § 1292 that justified review on appeal. *Lear Siegler, Inc. v. Adkins,* 330 F.2d 595, 598 (9th Cir.1964). These cases establish a broad perimeter to what the Ninth Circuit has considered "controlling;" those two early cases clearly extend to cover the question of whether a corporation is a "person." Furthermore, this case involves an issue involving the extent of federal subject matter jurisdiction that may be in controversy in many cases where important federal interests may be at stake. *See Ryan,* 781 F.Supp. at 953; *see also, Shipping Corp. of India, Ltd. v. American Bureau of Shipping,* 752 F.Supp. 173, 175 (S.D.N.Y.1990) ("A controlling question can be one that substantially affects a large number of cases.").

Courts will also look to whether certification will materially advance the ultimate outcome of the litigation. If this case remains in federal court, this court already has a familiarity with the background and causes of action that would advance the final resolution of the case. As in *Ryan,* considerable materials are already available in the record for judicial notice. *Ryan,* 781 F.Supp. at 953. Furthermore, this district has been selected as a pilot district for the implementation of the Biden Bill, which urges the court and litigants to accelerate the resolution of civil cases. Certification for appeal may also materially advance the conclusion of other cases involving this same legal issue.

The foregoing analysis has been offered for dual purposes. It is first of all a request to the Ninth Circuit to resolve the unsettled issue of whether a corporation is a person under 28 U.S.C. § 1442(a)(1). Since remand orders are not appealable, this important question may remain unresolved unless the Ninth Circuit accepts this appeal. A district court's opinion is not binding on other district courts, and an authoritative determination by the Ninth Circuit would preempt conflicts within the districts, as well as the potential of forum-shopping once any particular district judge rules on the question.

The second purpose of my review of the certification question is to encourage the Ninth Circuit to clarify the boundaries of 28 U.S.C. § 1292. Following Judge Weinstein's lead, I would request the appeals court first to determine whether 28 U.S.C. § 1292 review is available for the particular issue certified in this case.

The plaintiffs' motion for remand is granted, and the defendants' motion for certification is granted.

IT IS SO ORDERED.